UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Methyl Tertiary-Butyl Ether ("MTBE") Products Liability Litigation<br><br>This document pertains to:<br><br>*Commonwealth of Pennsylvania v. Exxon Mobil Corporation, et al.,* Case No. 14-cv-06228 | Master File No. 1:00-1898 (SAS)<br>MDL No. 1358 |

**MEMORANDUM IN SUPPORT OF CITGO PETROLEUM CORPORATION
AND CITGO REFINING AND CHEMICALS COMPANY L.P.'S
JOINDER AND MOTION TO DISMISS**

CITGO Petroleum Corporation and CITGO Refining and Chemicals Company L.P. (collectively "CITGO") hereby join in Certain Insurance Defendants' Motion to Dismiss and the MTBE Defendants' Motion to Dismiss.  CITGO also seeks dismissal of the insurance claims separately pursuant to Federal Rule of Civil Procedure 12(b)(6) because Plaintiff makes *no* factual allegations specific to CITGO.  The insurance claims against CITGO are made in a generic fashion as "Allegations Applicable to All Insurance Defendants," and as such, fail to comply with Federal Rule of Civil Procedure 8(a).  CITGO thus respectfully requests dismissal of Counts VII, VIII and IX.

**STATEMENT OF FACTS**

The only reference to CITGO as an Insurance Defendant is made in paragraph 101 of the Amended Complaint.  (Am. Compl., *Commonwealth of Pa. v. Exxon Mobil Corp., et al.*, 1:14-CV-06228-SAS (S.D.N.Y.) ("MTBE Dkt.") No. 36).  That paragraph defines the term "Insurance Defendants" by naming more than 40 parties, including CITGO.  (Am. Compl.

¶ 101). There are *no* factual allegations in the Amended Complaint to explain why CITGO is included in this laundry list of Insurance Defendants.

The absence of factual allegations regarding CITGO is hardly surprising, because there is no basis to assert the insurance claims against it. Indeed, CITGO was not named in Plaintiff's original state court insurance action. Plaintiff initially filed two separate actions in Pennsylvania state court: one seeking to address alleged injury to waters of the Commonwealth caused by releases of MTBE ("MTBE Complaint"), and a second seeking to recover monies paid by the Pennsylvania Underground Storage Tank Indemnification Fund ("USTIF") where the insurance defendants allegedly received payment from private insurers on the same claims ("Insurance Complaint"). (Am. Compl. ¶¶ 1, 32). CITGO was named as a defendant in the MTBE Complaint (MTBE Dkt. No. 1, Ex. 1), but not in the Insurance Complaint. (*Commonwealth of Pa. v. BP plc et al.*, No. 2:14-cv-04474-HB (E.D. Pa.), Dkt. No. 1, Ex. A ("Ins. Dkt")). Both cases were removed to federal court. (Am. Compl. ¶ 32). The MTBE Complaint was transferred to this Court as part of MDL 1358. (MTBE Dkt. Nos. 10, 11).

The Insurance Complaint was removed to the U.S. District Court for the Eastern District of Pennsylvania. (Ins. Dkt. No. 1). Defendants filed a motion to dismiss the Insurance Complaint, and Plaintiffs filed a notice of voluntary dismissal. (Ins. Dkt. No. 43).

About five weeks later, when Plaintiff amended the MTBE Complaint in this Court, it tacked on insurance allegations from the Insurance Complaint that it previously had voluntarily dismissed. (Am. Compl. ¶ 32). The insurance claims are found in Count VII (Subrogation), Count VIII (Unjust Enrichment) and Count IX (Violation of the Pennsylvania Storage Tank and Spill Prevention Act). (Am. Compl. ¶¶ 300-425). Plaintiff seeks to recover payments allegedly made by the USTIF to Insurance Defendants for corrective action at sites where Insurance

Defendants allegedly obtained payment from private insurers on the same claims. *(Id.* ¶¶ 1(d), 402, 403, 404). Plaintiff also claims that Insurance Defendants failed to disclose that they had private insurance policies and that they were settling with private insurers, thus allegedly failing to protect the Plaintiff's subrogation rights. (*Id.* ¶ 407).

CITGO, which was not a defendant in the original Insurance Complaint, suddenly found itself included among the "Insurance Defendants" defined in paragraph 101 of the Amended Complaint.[1] However, paragraph 101 is the only reference to CITGO relating to any of the insurance claims.

## LEGAL STANDARD

Dismissal is appropriate where the complaint fails to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The Supreme Court has explained that Rule 8(a)(2) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint does not meet this pleading standard if it offers only "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557). "Under *Iqbal,* factual allegations must be sufficient to support necessary legal conclusions." *Ruston v. Town Bd. for Town of Skaneateles,* 610 F.3d 55, 59 (2d Cir. 2010). Where there are multiple

---

[1] By letter dated December12, 2014, CITGO's counsel requested Plaintiff remove CITGO as an Insurance Defendant because there were no allegations specific to CITGO in the Amended Complaint and, indeed, there was no basis to assert these new claims against it. CITGO's counsel followed up by email dated December 18, 2014 requesting a response to her prior letter but to date, Plaintiff has not responded.

defendants, "[a] complaint should offer 'specification' as to the 'particular activities by any particular defendant.'" *Am. Sales Co., Inc. v. AstraZeneca AB*, No. 10 Civ. 6062 (PKC), 2011 WL 1465786, at *5 (S.D.N.Y. April 14, 2011) (quoting *In re Elevator Antitr. Litig.*, 502 F.3d 47, 50 (2d Cir. 2007)).

## ARGUMENT

Counts VII, VIII and IX should be dismissed because Plaintiff fails to make *any* factual allegation specific to CITGO "to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. In a complaint against numerous defendants, such as found here, Rule 8(a) "requires that a complaint…'indicate clearly the defendants against whom relief is sought and the basis upon which the relief is sought against the particular defendants.'" *Yucyco, Ltd. v. Republic of Slovn.*, 984 F. Supp. 209, 219 (S.D.N.Y. 1997) (quoting *Mathews v. Kilroe*, 170 F. Supp. 416, 417 (S.D.N.Y. 1959)).

Here, there are neither general nor specific allegations apprising CITGO why it now finds itself named as an Insurance Defendant. The sole allegation pertaining to CITGO with respect to the insurance claims is paragraph 101, which states:

> 101. For purposes of this Amended Complaint, "Insurance Defendants" shall mean and refer to the following parties: Atlantic Richfield Company, BP America Inc., BP Holdings North America Limited, BP p.l.c., BP Products North America Inc., BP West Coast Products LLC, Chevron Corporation, Chevron U.S.A. Inc., **CITGO Petroleum Corporation, CITGO Refining and Chemicals Company L.P.,** ConocoPhillips, ConocoPhillips Company, Cumberland Farms, Inc., El Paso Merchant Energy-Petroleum Company, Energy Transfer Partners, L.P., Equilon Enterprises LLC, ETP Holdco Corporation, Getty Properties Corporation, Gulf Oil Limited Partnership, Hess Corporation, Kinder Morgan, Inc., Lukoil Americas Corporation, Marathon Oil Corporation, Marathon Petroleum Company LP, Marathon Petroleum Corporation, Motiva Enterprises LLC, Phillips 66, Phillips 66 Company, The Premcor Refining Group Inc., Premcor USA Inc., Shell Oil Company, Shell Oil Products Company LLC, Sun Company, Inc., Sunoco, Inc., Sunoco Inc. (R&M), Texaco Inc., TMR Company, TRMI-H, LLC, United Refining Company, Valero Energy Corporation, Valero Marketing and Supply Company, Valero Refining and Marketing Company, and WilcoHess LLC.

(Am. Compl. ¶101) (emphasis added).  This is plainly insufficient.

Courts have dismissed complaints for failure to state a claim under similar circumstances. For instance, in *AstraZeneca*, the complaint alleged that defendants filed sham litigation in order to perpetuate an unlawful monopoly over an anti-heartburn drug.  *AstraZeneca*, 2011 WL 1465786, at *1.  Two of the defendants in the case, KBI, Inc. and KBI-E Inc. ("KBI entities"), moved to dismiss on the basis that the complaint did not delineate which conduct was alleged against them.  *Id.* at *4.  The complaint identified each KBI entity individually, asserted that they had exclusive rights to patents owned by AstraZeneca AB, that they had entered into agreements with Procter & Gamble to promote the drug, and that they participated in litigation seeking to enforce the patents.  *Id.* at **4-5.  Beyond that, the complaint "otherwise lump[ed] the KBI entities in with all other non-Procter & Gamble defendants by broadly using the abbreviation 'AZ.'"  *Id.* at *5.  The complaint alleged that "AZ" exercised sole control over manufacturing, volume and sales prices and conducted studies with the goal of obtaining market exclusivity. The court found that "[w]hile the Complaint is premised in part on a 'joint venture or conspiracy' between all defendants," its "lack of clarity in attributing conduct traceable to the KBI entities is a basis for dismissal of claims against them.  A defendant is entitled to know, at the very least, what allegedly unlawful conduct a plaintiff seeks to attribute to it."  *Id.*

Here, there are *no specific facts* alleged against CITGO regarding the insurance claims. Plaintiff never alleges which sites are at issue for the insurance claims against CITGO, when CITGO allegedly made any claim to the USTIF, when CITGO allegedly received payment from the USTIF, the amounts of such USTIF payments, what private insurance coverage CITGO maintained, when CITGO allegedly obtained private insurance payments for corrective action costs reimbursed by the USTIF, the amounts of such insurance payments, or when CITGO

allegedly settled with insurers and failed to protect any subrogation rights the Plaintiff may have had.  Any allegations that conceivably could relate to CITGO are lumped together in "Allegations Applicable to All Insurance Defendants."  (Am. Compl. ¶¶ 400-09).

Complaints with such "'naked assertion[s]' devoid of 'further factual enhancement'" should be dismissed.  *See, e.g., Martin v. City of New York*, No. 07 Civ. 7384 (DC), 2008 WL 1826483, at *2 (S.D.N.Y. April 23, 2008) (dismissing allegations of Civil Rights Act violations where defendant "is not mentioned anywhere in the complaint except where it is listed as a defendant" and complaint "fails to allege that [defendant] in particular violated [plaintiff's] rights or to describe any activity [defendant] engaged in that could possibly be construed as violating [plaintiff's] rights"); *Shoemaker v. U.S.*, No. 96 Civ. 1465 SAS, 1997 WL 96543, at *4 (S.D.N.Y. March 5, 1997) (complaint dismissed pursuant to Rule 12(b)(6) in part where plaintiff "consistently refer[red] to the 'aforementioned' defendants without any particularization" and "neglect[ed] to allege the dates of the alleged wrongdoing").  *See also Harris v. NYU Langone Med. Ctr.*, No. 12 Civ. 0454 (RA)(JLC), 2013 WL 3487032, at *30 (S.D.N.Y. July 9, 2013) (defendants should be allowed to renew motions to dismiss unless plaintiff, in an amended complaint, "provide[s] specific allegations as to how *each particular defendant* actually participated in conduct giving rise to her claims of discrimination") (emphasis in original), *adopted with modifications*, 2013 WL 5425336 (S.D.N.Y. Sept. 27, 2013).

For these reasons, CITGO respectfully requests dismissal of Counts VII, VIII and IX.

## **CONCLUSION**

For all of the reasons stated above, CITGO Petroleum Corporation and CITGO Refining and Chemicals Company L.P. respectfully request dismissal under Rule 12(b)(6) of Counts VII, VIII and IX of the Amended Complaint for failure to properly allege any claims against CITGO.

Dated:  December 23, 2014						Respectfully submitted,

							CITGO PETROLEUM CORPORATION AND
							CITGO REFINING AND CHEMICALS
							COMPANY L.P.

							By:	  s/ Lisa S. Meyer
								Nathan P. Eimer (neimer@eimerstahl.com)
								  (New York Bar No. 1976067)
								Pamela R. Hanebutt
								  (phanebutt@eimerstahl.com)
								Lisa S. Meyer (lmeyer@eimerstahl.com)
								EIMER STAHL LLP
								224 South Michigan Avenue, Suite 1100
								Chicago, IL 60604
								Ph.   312-660-7600
								Fax  312-692-1718

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that on December 23, 2014, a copy of the MEMORANDUM IN SUPPORT OF CITGO PETROLEUM CORPORATION AND CITGO REFINING AND CHEMICALS COMPANY L.P.'S JOINDER AND MOTION TO DISMISS was served upon all parties of record via LexisNexis File and Serve.

s/ Ameri R. Klafeta