# McDermott
# Will & Emery

Boston  Brussels  Chicago  Dallas  Düsseldorf  Frankfurt  Houston  London  Los Angeles  Miami
Milan  Munich  New York  Orange County  Paris  Rome  Seoul  Silicon Valley  Washington, D.C.

Strategic alliance with MWE China Law Offices (Shanghai)

James A. Pardo
Attorney at Law
jpardo@mwe.com
+1 212 547 5353

July 26, 2016

**VIA ELECTRONIC MAIL AND HAND DELIVERY**

The Honorable Vernon S. Broderick
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York  10007

Re:   *Commonwealth of Pennsylvania v. Exxon Mobil Corp., et al.*, **No. 14-cv-06228**

Dear Judge Broderick:

      Defendants submit this letter-motion to request an informal conference pursuant to Local Rule 37.2 and Your Honor's Individual Rule 3.  As described below, Defendants have been unable to resolve two discovery disputes outstanding for some time:  (1) Plaintiff's failure to produce a procedurally sufficient privilege log, and (2) Plaintiff's failure to respond to Defendants' demand for certain documents.

      Defendants have met and conferred with Plaintiffs but have been unable to resolve these two disputes.  Specifically, Defendants sent multiple written meet and confer communications which largely went unanswered by Plaintiffs.  Defendants eventually did meet and confer with Plaintiff by telephone on July 15, 2016.  That discussion did not resolve Defendants' concerns, because Plaintiff's counsel was unable to provide a definitive answer as to when Plaintiff would respond to Defendants' requests, or confirm that such responses would be substantive and complete.

## I. Plaintiff's Failure to Produce a Procedurally Sufficient Privilege Log.

      On December 18, 2015, Plaintiff produced a privilege log (the "Privilege Log") for "all documents withheld from plaintiff's initial document production in response to Defendants' First Set [of Discovery]."[1]  The majority of documents logged were withheld on grounds of the Deliberative Process Privilege – a qualified privilege that may be overcome where the "need for the materials and the need for accurate fact-finding override the government's significant interest

---

[1] Defendants will promptly provide a copy of the Privilege Log upon the Court's request.

The Honorable Vernon S. Broderick
July 26, 2016
Page 2

in non-disclosure." *In re MTBE Prods Liab. Litig.* ("*In re MTBE*"), 898 F. Supp. 2d 603, 607 (S.D.N.Y. 2012).

On April 29, 2016, Defendants wrote to Plaintiff explaining that the Privilege Log failed to satisfy the *minimum* procedural requirements for invoking the deliberative process privilege. *See* Ex. A (*Gerson to Axline* (Apr. 29, 2016) (outlining requisite level of specificity and need for formal claim of privilege by head of the controlling department)).[2] Defendants asked Plaintiff to promptly serve a revised log compliant with the procedural requirements and sufficient to permit Defendants to assess the claims of privilege. Plaintiff has never responded to Defendants' April 29 letter, nor to two subsequent letters we sent asking for a response. *See* Ex. B (*Gerson to Axline et al.* (June 3, 2016)); Ex. C (*Gerson to Coren et al.* (June 30, 2016)).

Federal Rule of Civil Procedure 26(b)(5)(A) requires a party withholding documents on the basis of privilege to (1) expressly make the claim of privilege, and (2) describe the nature of the documents not produced in a manner that, without revealing information itself privileged or protected, *will enable other parties to assess the claim of privilege.* *In re MTBE*, 274 F.R.D. 106, 111 (S.D.N.Y. 2011) (emphasis added). With respect to the deliberative process privilege, "[s]pecificity of description is necessary to enable the Court to comply with its duty of insuring that the privilege is invoked as narrowly as possible consistent with its objectives." *Resident Advisory Bd. v. Rizzo*, 97 F.R.D. 749, 753 (E.D. Pa. 1983). As one court explained:

> [A] log of documents withheld on the basis of the deliberative process privilege should provide various pieces of information, including, but not limited to, a description of the decision to which the documents relate, the date of the decision, the subject-matter of the documents in issue, the nature of the opinions and analyses offered, the date that documents were generated, the roles of the agency employees who authored or received the withheld documents and the number of employees among whom the documents were circulated. These sort of details … would provide the receiving party with sufficient facts to assess whether the documents were related to the process by which policies are formulated.

*Auto. Club of New York, Inc. v. Port Auth. of New York & New Jersey*, 297 F.R.D. 55, 60-61 (S.D.N.Y. 2013); *see also In re MTBE*, 898 F. Supp. 2d 584, 589 (S.D.N.Y. 2012) (a party asserting the deliberative process privilege must "demonstrate that the document for which privilege is claimed related to a specific decision facing the agency"). A privilege log may not be "bare-boned." *In re MTBE*, 898 F. Supp. 2d at 588. Rather, it must identify "each document with the specificity needed to demonstrate that the protected communication was pre-decisional and deliberative." *Id.*; *Auto. Club*, 297 F.R.D. at 61 (descriptions must "go beyond a generic recitation of the elements of the deliberative process privilege"); *see also Special Master Hrg. Tr.* (July 21, 2011) at 69-70, 72, 74 (descriptions must be "informative" and cannot be "totally

---

[2] Defendants also noted that Plaintiff had not produced a privilege log with any of its subsequent productions. The letter therefore requested that Plaintiff "confirm that no additional documents have been withheld as privileged, or provide a date certain by when Plaintiff will produce the required privilege logs." Again, Plaintiff has not responded.

The Honorable Vernon S. Broderick
July 26, 2016
Page 3

conclusory" or "completely generalized").

Plaintiff's Privilege Log largely failed to comply with these legal requirements. Many entries make no mention whatsoever of the policy that was being deliberated or the names and titles of authors and recipients. Instead, Plaintiff simply lists "PADEP" as the author or recipient; asserts the privilege in a conclusory fashion; groups documents together instead of listing them individually (*e.g.*, "briefing binder"); and fails to identify the policy or decision that was being deliberated. Neither Defendants nor the Court can assess the validity of Plaintiff's myriad deliberative process claims from this privilege log. Therefore, Defendants request that the Court order a date certain by which Plaintiff must produce a legally sufficient privilege log for *all* documents withheld to date. *See infra* n.2.

## II. Plaintiff's Failure to Respond to Defendants' Demand for Certain Documents.

On March 11, 2016, Special Master Ken Warner ordered Plaintiff to produce witnesses in response to Defendants' Notice of Rule 30(b)(6) Deposition of Plaintiff regarding Organizational Structure. *See PTO 79* (deciding Defendants' motion to compel). That deposition occurred on May 12-13, and the witnesses identified a number of documents responsive to Defendants' First Set of Discovery that Plaintiff had yet to produce.[3] Therefore, following the deposition, Defendants wrote to Plaintiff demanding production of the identified documents. *See* Ex. B. By way of example, Defendants requested production of organizational charts for certain Commonwealth bureaus; manuals related to health and risk management, water quality management, and environmental fund claims; and documents related to EPA leaking underground storage tank ("LUST") cooperative agreements and grants. *Id.* at 2.

Plaintiff's response to this demand has been slow and inadequate. Plaintiff has provided nearly none of the materials identified by its witnesses at the deposition. Defendants respectfully ask the Court to order a date certain by which the responsive documents must be produced.

\*\*\*

We look forward to discussing these issues with Your Honor. Defendants are happy to provide a more detailed briefing on the issues raised in this letter if the Court so requests.

Respectfully submitted,

*/s/ James A. Pardo*

James A. Pardo

cc: All counsel of record via LNFS

---

[3] The First Set included requests for, *inter alia*, organizational charts for the Department of Environmental Protection ("DEP"), including its individual Bureaus (Request No. 12); documents related to entities tasked with investigating and evaluating MTBE, including guidelines, instructions, publications, and reports (Request No. 15); documents relating to any entity tasked with evaluating effects and benefits of MTBE (Request No. 20); and non-site-specific documents regarding Plaintiff's regulation of underground storage tanks ("USTs") (Request No. 30).

## Ex. A




Boston  Brussels  Chicago  Dallas  Düsseldorf  Frankfurt  Houston  London  Los Angeles  Miami
Milan  Munich  New York  Orange County  Paris  Rome  Seoul  Silicon Valley  Washington, D.C.

Strategic alliance with MWE China Law Offices (Shanghai)

Lisa Gerson
Attorney at Law
lgerson@mwe.com
+1 212 547 5769

April 29, 2016

**VIA ELECTRONIC MAIL AND LNFS**

Mike Axline, Esq.
Miller & Axline, P.C.
1050 Fulton Avenue, Suite 100
Sacramento, CA 95825

Re:   *Commonwealth of Pennsylvania v. Exxon Mobil Corp., et al.*, **No. 14-cv-06228**
        **Insufficiency of Plaintiff's Privilege Log Entries**

Dear Mike:

I am writing on behalf of Defendants with respect to Plaintiff's December 18, 2015 privilege log (the "December Log").[1] As described further below, numerous entries on the December Log do not satisfy the minimum procedural requirements to invoke the deliberative process privilege.

In the *New Jersey* matter, Judge Scheindlin explained that a party asserting the deliberative process privilege must "demonstrate that the document for which privilege is claimed related to a specific decision facing the agency" and must "describe the nature of the documents, communications, or tangible things not produced or disclosed – and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." *In re MTBE Prods. Liab. Litig.*, 898 F. Supp. 2d 584, 589 (S.D.N.Y. 2012). Plaintiff's privilege log may not be "bare-boned." *Id.* at 588. Rather, it must identify "each document with the specificity needed to demonstrate that the protected communication was pre-decisional and deliberative." *Id.*; *see also July 21, 2011 Special Master Hrg. Tr.* at 69-70, 72, 74 (deliberative process privilege log descriptions must be "informative" and cannot be "totally conclusory" or "completely generalized"). In addition, "a formal claim of privilege [must] be lodged by the head of the controlling department" and not "merely the representative attorney." *New Jersey v. RPI Energy Mid-Atl. Power Holdings, LLC*, No. 5:07-CV-05298, 2013 WL

---

[1] Since December, Plaintiff has made productions in response to other sets of discovery (*e.g.* DOH, CSSAB and RFG). Plaintiff's written responses suggest that documents may have been withheld as privileged. Yet Plaintiff has never served another privilege log since the December Log. Please confirm that no additional documents have been withheld as privileged, or provide a date certain by when Plaintiff will produce the required privileged logs.

Mike Axline, Esq.
April 29, 2016
Page 2

272763, at *2 (E.D. Pa. Jan. 24, 2013). Plaintiff's December Log fails to comply with the above requirements.

    More specifically, to be facially adequate, each privilege log entry must state the policy deliberated and the names and titles of document authors and recipients. Many of Plaintiff's entries fail in both respects. Common procedural inadequacies include failure to name the author or recipient of the document; listing "PADEP" as the author or recipient of the document; conclusory claims of privilege; grouping documents together instead of listing documents individually (e.g., "briefing binder"); and failure to state the policy that was deliberated. Defendants cannot assess the validity of Plaintiff's assertions of deliberative process without a log that conforms to federal procedural requirements.

    In addition, we remind Plaintiffs that the deliberative process privilege does not apply to underlying facts. To the extent that the withheld documents include factual material, Plaintiffs must produce redacted versions of those documents.

    If Plaintiff does not agree to revise its December Log and promptly produce a log for any subsequently withheld documents, Defendants intend to file a Motion to Compel.

Sincerely,

*Lisa A. Gerson*

Lisa Gerson

cc: All counsel of record via LNFS

# Ex. B




Boston  Brussels  Chicago  Dallas  Düsseldorf  Frankfurt  Houston  London  Los Angeles  Miami
Milan  Munich  New York  Orange County  Paris  Rome  Seoul  Silicon Valley  Washington, D.C.

Strategic alliance with MWE China Law Offices (Shanghai)

Lisa Gerson
Attorney at Law
lgerson@mwe.com
+1 212 547 5769

June 3, 2016

**BY ELECTRONIC MAIL AND LNFS**

Michael Axline, Esq.
Duane Miller, Esq.
Tracey O'Reilly, Esq.
Miller & Axline P.C.
1050 Fulton Avenue, Suite 100
Sacramento, CA 95825

Re:     *Commonwealth of Pennsylvania v. Exxon Mobil Corp., et al.*, **14-cv-06228**

Dear Counselors:

I am writing on behalf of Defendants to follow up on several discovery issues.

1.    **Plaintiff's Privilege Log** – Plaintiff has not responded to Defendants' April 29, 2016 letter regarding deficiencies in Plaintiff's December 18, 2015 privilege log. Nor has Plaintiff produced any additional privilege logs in connection with subsequent productions. *See Gerson to Axline* (Apr. 29, 2016), at 1 n.1 (noting that "Plaintiff's written responses suggest that documents may have been withheld as privileged."). By this letter Defendants request a satisfactory response by June 10. Absent such a response, Defendants will need to file a motion to compel on this issue.

2.    **Plaintiff's Responses to RFG and Oxygenates Discovery** – Plaintiff has not responded to Defendants' May 10, 2016 letter requesting that Plaintiff amend its responses to Defendants' discovery concerning RFG and oxygenates to bring them into compliance with Rule 34 of the Federal Rules of Civil Procedure. *See Meyer to Axline* (May 10, 2016). Please advise when we can expect a response to our letter.

3.    **Database 30(b)(6)** – Plaintiff previously offered to address certain topics by declaration. In Mr. Bollar's April 27, 2016 letter, Defendants offered to review draft declarations to determine if they would resolve the need to take a deposition on those specific topics. *Bollar to O'Reilly* (Apr. 27, 2016), at 2 n.1. Please let us know by June 10 if Plaintiff still intends to provide such declarations and, if so, by when.

Second, in a further effort to narrow the scope of the 30(b)(6) notice, Defendants have suggested getting each side's technical consultants together to discuss certain issues. The matter

U.S. practice conducted through McDermott Will & Emery LLP.

**340 Madison Avenue  New York  New York 10173-1922  Telephone: +1 212 547 5400  Facsimile: +1 212 547 5444  www.mwe.com**

Michael Axline, Esq.
June 3, 2016
Page 2

has now been made more urgent by the eFACTS production. Defendants have been trying to process and use the eFACTS export files produced by Plaintiff, but numerous technical issues with the files are preventing us from fully capturing or using the data. For example, when importing the data to an Oracle database, the lack of prerequisite database objects prevents many tables from being imported. This and other technical issues underscore the urgent need for each side's consultants to confer promptly. Please advise us by June 10 if Plaintiff will permit such a discussion, and please suggest dates for this month. Absent agreement to the discussion we seek, Defendants will move to compel such a meeting.

4. **Organizational Structure 30(b)(6)** – As described below, a number of responsive documents were identified by witnesses at the May 12-13 deposition. By this letter, Defendants demand production of the following materials by June 20, 2016:

- Organizational Charts for individual Bureaus or other subdivisions, including but not limited to: Regional Offices, Bureau of Safe Drinking Water, Bureau of Clean Water, Bureau of Fiscal Management, Bureau of Environmental Cleanup and Brownfields, Bureau of Special Funds, and the DOT Bureau of Maintenance and Operation. *See Org. Structure Rough Tr.* (May 12, 2016), at 95, 104, 123, 184, 227-28; *Org. Structure Rough Tr.* (May 13, 2016), at 11, 63. In addition, to the extent organizational charts exist for any other DEP "Sections, Bureaus and/or Office" and have not yet been produced, please promptly produce the same. *See Defs.' First Set Doc. Request* No. 12.

- Manuals/Guidelines/Handbooks

    o Health Effects and Risk Management Staff Handbook Binder, identified by Lisa Daniels. *Org. Structure Rough Tr.* (May 12, 2016), at 28, 88.

    o Water Quality Toxics Management Strategy, identified by Lee McDonnell. *Id.* at 141.

    o Internal Claims Manual, identified by Richard Burgan. *Org. Structure Rough Tr.* (May 12, 2016), at 28-30.

- Other Documents

    o Documents used by Mr. Hartenstein to develop Exhibit 10. *Org. Structure Rough Tr.* (May 12, 2016), at 228.

    o EPA LUST Trust Fund cooperative agreements and grant agreements, identified by Charles Swokel. *Org. Structure Rough Tr.* (May 12, 2016), at 353-55.

    o Documents related to preparation of SIPs and SIP revisions, including documents on the air management section server/database, identified by Joyce Epps. *Org. Structure Rough Tr.* (May 13, 2016), at 193-94.

Michael Axline, Esq.
June 3, 2016
Page 3

- o Documents brought to the deposition by Joyce Epps. *Org. Structure Rough Tr.* (May 13, 2016), at 133-34.

- o All Program weekly reports, identified by Joyce Epps. *Org. Structure Rough Tr.* (May 13, 2016), at 197-98.

- o PennDOT policy and Guidance documents, specifically those not available to the public, identified by David Condo. *Org. Structure Rough Tr.* (May 13, 2016), at 82, 98.

- o PennDOT "gap analysis," identified by David Condo. *Org. Structure Rough Tr.* (May 13, 2016), at 102-03.

- o To the extent not already produced, all documents responsive to Defendants' First Set of Document Requests Nos. 23 and 30, including those maintained on the Legislative Office Shared Drive. *Org. Structure Rough Tr.* (May 13, 2016), at 245-46.

- o Records index, identified by Dawn Schaef. *Org. Structure Rough Tr.* (May 13, 2016), at 274-75.

Sincerely,

*Lisa Gerson*

Lisa Gerson

# Ex. C





Boston  Brussels  Chicago  Dallas  Düsseldorf  Frankfurt  Houston  London  Los Angeles  Miami
Milan  Munich  New York  Orange County  Paris  Rome  Seoul  Silicon Valley  Washington, D.C.

Strategic alliance with MWE China Law Offices (Shanghai)

Lisa Gerson
Attorney at Law
lgerson@mwe.com
+1 212 547 5769

June 30, 2016

**BY EMAIL AND LNFS**

Michael Coren, Esq.
Cohen, Placitella & Roth, P.C.
Two Commerce Square
2001 Market Street, Suite 2900
Philadelphia, PA 19103

Re: ***Commw. of Pennsylvania v. Exxon Mobil Corp., et al.*, Case No. 14-cv-06228**

Dear Mr. Coren:

I am writing to follow up to my June 3, 2016 letter requesting responses from Plaintiff on, *inter alia*:

- Plaintiff's deficient privilege log entries, an issue first raised by Defendants on April 29, 2016;

- Plaintiff's deficient responses to Defendants' Requests for Production on RFG and Oxygenates, an issue first raised by Defendants on May 10, 2016; and

- Plaintiff's production of documents requested at the 30(b)(6) deposition on organizational structure (taken on May 12-13, 2016).

On June 8 you advised me that Plaintiff's response to my June 3 letter was delayed due to your co-counsels' unavailability and ongoing discussions with your client. You further stated that we would hear from you the following week once your co-counsel had returned. However, three weeks have passed since your email. Therefore, if the above issues are not properly resolved by July 8, 2016, Defendants will file a motion to compel.

Sincerely,

*Lisa Gerson*
Lisa Gerson

cc:   All counsel of record by LNFS
      Michael Axline, Esq. (by email)
      Duane Miller, Esq. (by email)
      Tracey O'Reilly, Esq. (by email)
      Tyler Wren, Esq. (by email)