# McDermott
# Will & Emery

Boston  Brussels  Chicago  Dallas  Düsseldorf  Frankfurt  Houston  London  Los Angeles  Miami
Milan  Munich  New York  Orange County  Paris  Seoul  Silicon Valley  Washington, D.C.

Strategic alliance with MWE China Law Offices (Shanghai)

James A. Pardo
Attorney at Law
jpardo@mwe.com
+1 212 547 5353

July 18, 2018

**BY ECF**

The Honorable Debra Freeman
United States Magistrate Judge
U.S. District Court Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Courtroom 17A
New York, New York 10007

Re:   *Commonwealth of Pennsylvania v. Exxon Mobil Corp., et al.*, Case No. 14-cv-06228

Dear Judge Freeman:

Pursuant to the Amended Order of Reference dated March 23, 2018 (Doc. No. 375), Defendants write to propose an initial schedule for the selection of focus sites and site-specific discovery in the above-captioned case, and to request that the Court enter the attached proposed CMO. As required by Your Honor's Individual Rule I.C., Defendants certify that the parties have conferred in good faith about focus site selection and site-specific discovery. Indeed, those discussions have taken place multiple times since the March 2018 conference, and even began before that conference. And while Defendants believe that the parties do concur on the need to conduct site-specific discovery in this next phase, despite our best efforts we have been unable to reach agreement on the details for how that will take place.

In the two prior MDL 1358 "sovereign" cases – *State of New Jersey* and *Commonwealth of Puerto Rico* – a key aspect of the MDL Court's discovery supervision was overseeing selection of, and discovery related to, focus sites. The selection of focus sites aided the parties by, *inter alia*, focusing the scope of document productions, depositions, and expert work. And, as discussed with Your Honor at the January conference, the focus site approach also has been very effective in allowing the parties, and the Court, to assess what is really at issue in the broader statewide case. To be clear: the focus site approach is <u>not</u> about trial structure. It is about taking the discovery necessary to test potentially dispositive issues and efficiently prepare a manageable case for resolution, either by way of settlement or an initial, instructive trial.

Prior to leaving the bench, Judge Scheindlin's last CMO instructed the parties to "meet and confer to develop a process to select focus sites." CMO 121 ¶ IV. Earlier this year, Your

The Honorable Debra Freeman
July 18, 2018
Page 2

Honor acknowledged Judge Scheindlin's direction and suggested that the parties start that conversation now. *See Jan. 25, 2018 Conf. Tr.* at 32:13-16 ("I do see that Judge Scheindlin contemplated that the parties were supposed to select focus sites or at least talk about a process for selecting focus sites."); *see also id.* 50:16-51:11 ("And even if you were to go another way, why put off having that conversation to see what that list [of focus sites] might look like. . . .").

In fact, the parties started that conversation over a year ago, and have engaged in at least five discussions – both by phone and in person – about what the "site-specific" phase of discovery should look like, including as recently as July 10. Plaintiff has offered only vague ideas on what site discovery might look like. In contrast, Defendants' enclosed proposed CMO, which was shared and discussed with Plaintiff, sets out a practical and efficient path forward.

Defendants' proposal includes three primary features: (1) completion of the lists of MTBE release sites and private wells allegedly at issue in the case; (2) a process for randomly selecting 100 "Focus Sites" – *i.e.*, MTBE release sites on which the parties will focus discovery; and (3) an initial, bilateral exchange of information concerning the Focus Sites.

- *Completion of Release Site and Well Lists* – At the outset of the case, pursuant to CMO 119, Section II.A, Plaintiff identified the release sites at which it contends MTBE has been released and for which Plaintiff may seek damages in this case. Plaintiff has indicated that it may want to supplement its initial list. Accordingly, Section II.B provides a deadline by which Plaintiff must do so.

  In addition to seeking damages at MTBE release sites, Plaintiff seeks to recover the costs to test and treat all private wells in the Commonwealth for MTBE. *See, e.g.*, 2nd Am. Compl. ¶359(a)(1); *see also* ¶ 249 (contending there are nearly one million private and public water supply wells in Pennsylvania). Accordingly, Section II.C provides that Plaintiff provide to Defendants a list of impacted wells, along with certain basic information, similar to what was provided for release sites pursuant to CMO 119.

- *Enhanced Focus Site Selection* – In the prior sovereign cases, the parties selected ten sites per side as focus sites. Defendants believe that the focus site process has been effective, but also acknowledge that it can be improved upon.

  For example, in both of the prior sovereign cases, each side picked their ten "best sites" as focus sites. Plaintiff ultimately dismissed each of the sites selected by Defendant because discovery revealed that there were little to no actual damages at those sites. While Defendants welcome such voluntary dismissals, they do not – standing alone – do much to inform the remaining sites in the case. Defendants' current "Enhanced Focus Site" proposal addresses this issue in a couple ways. By

The Honorable Debra Freeman
July 18, 2018
Page 3

>randomly selecting sites,[1] rather than letting the parties pick their "best sites," and by selecting 100 sites, rather than just 20, Defendants' proposal ensures that the parties will be taking discovery on a broader range of sites, rather than those cherry picked by the parties. Defendants also propose that Focus Sites may not be dismissed except by agreement of the parties or by order of the Court. This will ensure that prior to Plaintiff dismissing any Focus Site, there is an opportunity to discuss the characteristics of that site and whether there are other similar sites that also should be dismissed. *See* Section III.C.
>
>- *Exchange of Site Files* – Based on prior MTBE cases, counsel for Plaintiff and Defendants are familiar with the types of relevant site files possessed by both Defendants and Plaintiff. For example, the Pennsylvania Department of Environmental Protection maintains remediation files containing correspondence and investigation reports for all release sites. While Defendants may have similar files for sites that they owned or operated, there are many more sites allegedly at issue in the case to which Defendants have no connection and, therefore, no files. On the other hand, Defendants have service station maintenance and upgrade records for sites they owned and operated that Plaintiff may want to access. Defendants propose that the parties expedite the exchange of those files for the Focus Sites. *See* Section III.D.3.

Finally, Defendants' proposed CMO suggests that the parties come back before Your Honor shortly after focus site selection and the site file exchange so that any disputes can be promptly addressed and site-specific discovery can move forward efficiently and as contemplated by the MDL Court. Defendants welcome the opportunity to discuss our plan for site-specific discovery with the Court and to answer any question Your Honor may have.

Respectfully submitted,

*James A. Pardo*

James A. Pardo

cc: Duane Miller, Esq., Counsel for Plaintiff (by email)
All Counsel of Record by LNFS

---

[1] Defendants' proposal also includes a "striking" process to address potential outliers.