

**TYLER E. WREN** / *OF COUNSEL*
p. 215.875.3098 m. 610.574.2073 | twren@bm.net

March 30, 2020

**VIA ECF**

The Honorable Debra C. Freeman
United States Magistrate Judge
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007-1312

   Re: Master File C.A. No. 1:00 1898 (VSB), MDL No. 1358
   *Commonwealth of Pennsylvania v. Exxon Mobil Corp., et al.*, Case No.
   1:14-cv-06228-VSB-DCF
   Plaintiff's Response to Supplemental Exhibits to Dkt. 438

Dear Judge Freeman:

  The Commonwealth of Pennsylvania (the "Commonwealth") writes this letter in response to Defendants' Letter in supplementation to its Motion to Compel Production of Documents and Testimony Withheld on Deliberative Process Grounds. ECF No. 489 ("Supplementation Letter").

  By way of background, on January 4, 2019, Defendants filed a letter Motion seeking to compel documents withheld by the Commonwealth based on the deliberative process privilege ("DPP") available to governmental entities. *See* ECF Nos. 438 and 442. The Commonwealth opposed the Motion arguing the broad application of the DPP under Pennsylvania law. *See* ECF No. 446. The Commonwealth also explained that it had withheld a mere 630 documents solely for DPP out of the more than 926,000 produced and, in any event, that it had not withheld for privilege any final policies or supporting facts. *Id.* The Defendants filed a reply in support of their Motion on January 15, 2019. ECF No. 447.

  Now over fourteen months later, Defendants file a Supplementation Letter claiming that "[t]he Commonwealth has continued to withhold documents and testimony based on improper claims of 'deliberative process privilege' [and] the Commonwealth's objections have impeded Defendants' efforts to obtain necessary discovery." Defendants' opposition to the Commonwealth's assertion of DPP continues to be without merit.

  Looking at the eight new documents at issue as set forth in three exhibits to Defendants' Motion, it is clear that any assertion of DPP by the Commonwealth was proper in each instance:

The Honorable Debra C. Freeman
March 30, 2020
Page 2 of 3

**Exhibit L**: This exhibit highlights two entries in the Commonwealth's privilege log for documents produced in response to Defendants' Natural Resource Damages discovery requests. As stated in the privilege log, both documents were drafts and properly withheld because they were *proposed* policies and procedures for "Conducting Ecological Impact Analyses and Natural Resource Damage Assessments" that were never finalized or adopted. In short, they were reflective of protected deliberations and not final adopted policies. Regardless, this discovery is properly withheld by the Commonwealth because it is completely irrelevant. *See* September 23, 2019 Letter from Commonwealth counsel Tyler Wren to Bill Stack and Graham Zorn at 8-9, attached hereto as Exhibit A ("Additionally, while we are producing case-specific non-privileged NRD documents in an effort to avoid a dispute here, we want to reiterate our position that your discovery is in no way relevant here. As we have previously advised you, the Commonwealth has not adopted a formal NRD policy. Adopting a formal NRD policy was considered internally over several years, but ultimately never adopted. Absent an adopted formal NRD policy by which the Commonwealth might have voluntarily restricted its latitude in this area, how the Commonwealth has proceeded in the past on a case-by-case basis in seeking and/or recovering NRDs is simply not relevant.").

**Exhibit M**: Defendants' motion as to this discovery is premature. To date, the Commonwealth has not actually withheld any discovery implicated by this exhibit based solely on DPP. This email chain reflects that during negotiations over certain Apex depositions sought by Defendants, the Commonwealth noted that certain categories of topics which Defendants had identified as reasons for the depositions would clearly implicate DPP. The primary issue being hashed out in this email chain is whether Apex depositions are appropriate without Defendants first meeting their burden to show the need for these depositions. *See Tomaszewski v. City of Philadelphia*, 2018 WL 6590826, at *3 (E.D. Pa. Dec. 14, 2018) ("[T]he party requesting the deposition of a high ranking government official must show that the proposed deposition is: (1) likely to lead to the discovery of admissible evidence; (2) is essential to that party's case; and (3) that this evidence is not available through any alternative source or less burdensome means."). That issue has not been resolved.

**Exhibit N**: Defendants assertion that the Commonwealth's counsel improperly withheld testimony or documents during depositions on the basis of DPP is not correct.

- In the deposition of Patricia Allan, counsel for the Commonwealth merely instructed the witness not "to get into any deliberative process matters." It does not appear that any information was actually withheld for DPP. ECF No. 489-1 at 12-13.

The Honorable Debra C. Freeman
March 30, 2020
Page 3 of 3

- In the deposition of Troy Allen Conrad, counsel for the Commonwealth correctly asserted that information from briefings made to the Secretary of the Pennsylvania Department of Environmental Protection about "statewide health standard being *proposed*" would reflect protected pre-decisional deliberations. *Id.* at 20-21.

- The document clawed back during the deposition of Randy Roush was in the context of a workgroup that was deliberating about the contents of final policy to be reflected in a technical guidance manual. The pre-decisional deliberations about the contents of the final technical guidance manual are clearly protected by the DPP. *Id.* at 27-29.

- As counsel explained during the deposition of Barbara Sexton, the Commonwealth clawed back an email chain because it was a "policy document -- proposal documents working its way up the chain here in which the authors express various opinions as to what policy should be. This reflects the deliberative process." *Id.* at 37.

- During the recent deposition of Jessica Lynn Shirley, counsel for the Commonwealth properly objected to questions about pre-decisional deliberations related to "effort[s] to put together minimum statewide construction standards for groundwater wells" and "maximum contaminant level for MTBE in drinking water." *Id.* at 489-1 at 43-47.

Defendants' additional exhibits reflect again the proper assertion of the DPP by the Commonwealth.

Sincerely,

*Tyler E. Wren*

Tyler E. Wren
Special Counsel to the
Commonwealth of Pennsylvania

Attachments: Exhibits A
cc: All Counsel of Record via ECF