

TYLER E. WREN / *OF COUNSEL*
p. 215.875.3098 m. 610.574.2073 | twren@bm.net

**June 19, 2020**

**VIA EMAIL & ECF (w/o enc.)**

The Honorable Debra C. Freeman
United States Magistrate Judge
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007-1312

Re: Master File C.A. No. 1:001898 (VSB), MDL No. 1358, *Commonwealth of Pennsylvania v. Exxon Mobil Corp., et al.*, Case No. 1:14-cv-06228-VSB-DCF
Deliberative Process Privilege Documents for In Camera Review

Dear Judge Freeman:

Plaintiff the Commonwealth of Pennsylvania submits this cover letter and confidential-privileged enclosures in connection with the Case Management Conference held on May 28, 2020 and this Court's order "deferring ruling on 438 Motion to Compel." (ECF No. 496). In that order, the Court directed that: "[i]f the parties are not able to resolve this dispute…then the particular documents at issue should be submitted to this Court for in camera review, with a cover letter (copied to Defendants), setting out the governmental decision or policy to which the communications reflected in those documents related."

In connection with that order, Defendants selected twenty-four "exemplar documents and deposition excerpts for the Court's *in camera* review[.]" The Commonwealth and Defendants were not able to resolve their dispute about the applicability of Deliberative Process Privilege ("DPP") to the vast majority of the selected exemplar documents. The Commonwealth is therefore submitting the twenty remaining disputed documents for *in camera* review. These confidential and privileged documents are all contained in Exhibit A to this letter, which is a zip folder, and is being submitted only to the Court. As ordered by the Court, below is a chart setting out the governmental decision, policy, or course of action implicated by each document at issue.

While the Commonwealth understands from the CMC, and the related order, that the Court does not want a rehashing of the filed briefing and arguments related to Defendants' Motion to Compel (ECF Nos. 438, 446-47, 489-90), the Commonwealth believes it is helpful

The Honorable Debra C. Freeman
June 19, 2020
Page 2 of 6

to set forth, in limited fashion, three basic tenets of Pennsylvania law that have guided its decisions about which documents and testimony to withhold or redact in this case.

      1) Pennsylvania law recognizes a DPP which protects from disclosure all "confidential deliberations of law, or policymaking that reflect opinions, recommendations, or advice." *Commonwealth ex rel. Unified Judicial System v. Vartan*, 733 A.2d 1258, 1265 (Pa. 1999). The DPP "does not require that an agency establish that the information itself *reveals* or 'discloses' deliberative communication" as it also "protects information where an agency demonstrates that the information merely *reflects,* or, in other words, 'mirrors' or 'shows,' that the agency engaged in the deliberative *process*[.]" *McGowan v. Pennsylvania Dept. of Environmental Protection*, 103 A.3d 374, 383 (Pa. Commw. Ct. 2014) (citation omitted). The DPP extends to "all predecisional deliberations where state agency officials and/or employees 'contemplate' or 'propose' a future 'course of action" and not only high-level policy decisions. *Id.*

      2) Pennsylvania law does not "require[] a predecisional deliberation by an agency to be one that results in an official adjudication or decision" to be protected by the DPP. *See McGowan*, 103 A.3d at 385. In other words, "even if an internal discussion does not lead to the adoption of a specific government policy, its protection…is not foreclosed as long as the document was generated as part of a definable decision-making process." *Gold Anti-Tr. Action Comm., Inc. v. Bd. of Governors of Fed. Reserve Sys.*, 762 F. Supp. 2d 123, 135–36 (D.D.C. 2011). *See also Schell v. U.S. Dep't of Health & Human Servs.*, 843 F.2d 933, 941 (6th Cir. 1988) ("When specific advice is provided…it is no less predecisional because it is accepted or rejected in silence, or perhaps simply incorporated into the thinking of superiors for future use.").

      3) Finally, the DPP protects facts if they are not "severable from the advice or underlying confidential deliberations[.]" *Ario v. Deloitte & Touche LLP*, 934 A.2d 1290, 1293 (Pa. Commw. Ct. 2007).

      Pursuant to these basic tenets, the Commonwealth describes the decision, policy, or course of action to which the communications reflected in those documents relate for each document being submitted for *in camera* review.

| **Bates** | **Status** | **Governmental decision or policy to which the communications reflected relate.** |
|---|---|---|
| CMW-PA-0004377 | Redacted[1] | The redacted portion of this document reflects predecisional deliberations about how the Commonwealth should respond to an EPA State |

---

[1] For redacted documents the Commonwealth is submitting both the redacted version and the unredacted version for ease of the Court.

| **Bates** | **Status** | **Governmental decision or policy to which the communications reflected relate.** |
|---|---|---|
| | | Needs Questionnaire for Region III about a GIS tool to assess the impact of oxygenates and other contaminants in groundwater. The survey and responses themselves were produced in unredacted form. |
| CMW-PA-0004382 | Redacted | The redacted portion of this document reflects predecisional recommendations about proposed future actions the Commonwealth could take to respond to MTBE contamination as part of its MTBE strategy. The decision-making implicated is what actions could be taken *in the future* related to MTBE contamination in Pennsylvania as part of the Commonwealth's MTBE strategy. The Commonwealth has not redacted the portion of this document reflecting actions already taken, or facts. |
| CMW-PA-0131884 | Redacted | The redacted portions of this document reflect predecisional deliberations related to how the Commonwealth could potentially address seeking a waiver from the EPA related to the RFG oxygenate mandate. The Commonwealth has not redacted the portion of this document reflecting facts. |
| CMW-PA-0131886 | Withheld | This document reflects preliminary opinions on various issues connected with the decision about how the Pennsylvania Department of Environmental Protection ("PDEP") could/should approach an MTBE phasedown/ban. |
| CMW-PA-0132231 | Withheld | This document reflects predecisional deliberations about a potential MTBE ban. Moreover, this email chain does not contain any solid facts about the cost impact of monitoring such a ban -- just deliberations about possibilities and potential options. |
| CMW-PA-0132266 | Withheld | This document reflects pre-decisional policy deliberations (in 2012) about potential regulatory amendments by the Commonwealth to Ch. 250 related to MTBE statewide health standard for groundwater under the Act 2 regulations. The |

| Bates | Status | Governmental decision or policy to which the communications reflected relate. |
|---|---|---|
| | | factual material is intertwined with the deliberative material, because it reflects the viewpoint of its author. |
| CMW-PA-0132286 | Redacted | This single redacted sentence in this email chain reflects opinions about proposed regulatory revisions to the MTBE clean-up standards. |
| CMW-PA-0132492 | Redacted | The redacted portion of this document reflects deliberations about proposed future actions the Commonwealth should (or should not) take to assess MTBE contamination in the Commonwealth. The Commonwealth has not redacted the portion of this document reflecting actions already taken, or facts. |
| CMW-PA-0132628 | Withheld | This is an email chain discussing potential options connected to MTBE and underground storage tank monitoring. Pre-decisional and deliberative in that it discusses proposed actions with respect to monitoring leaks and water supplies which may or may not be taken by PADEP. |
| CMW-PA-0756165 | Withheld | This document reflects deliberations about a potential MTBE ban. Moreover, this email chain does not contain any solid facts about ethanol availability at the time -- just deliberations about possibilities. |
| CMW-PA-0758399 | Withheld | This document reflects high-level pre-decisional policy deliberations about proposed changes to the tables of numbers for Statewide health cleanup standards, including to the numbers for MTBE in 2009. Any factual material is intertwined with the non-factual recommendation. |
| CMW-PA-0773759 | Withheld | This email chain reflects pre-decisional deliberations in 2009 about revisions to the statewide health cleanup standards for MTBE. |
| CMW-PA-0808002 | Withheld | This email chain reflects pre-decisional deliberations about the development of a proposed MTBE Work Plan and potential issues relating to |

| **Bates** | **Status** | **Governmental decision or policy to which the communications reflected relate.** |
|---|---|---|
|  |  | the phase out of MTBE, the increased use of ethanol, and MTBE water drinking standards. |
| CMW-PA-0821312 | Redacted | The redacted portion of this document reflects predecisional deliberations about proposed "future actions" the Commonwealth should take to assess MTBE contamination in the Commonwealth. The Commonwealth has not redacted the portion of this document reflecting actions already taken, or facts. |
| CMW-PA-0833537 | Withheld | This is draft White Paper reflecting deliberations on whether "Regional Gasoline" should be adopted. This White Paper discusses potential actions that may or may not be taken. |
| CMW-PA-0836083 | Redacted | The redacted portion of this email chain reflects deliberations about policy choices related to the RFG program and boutique fuels. |
| CMW-PA-0836486 | Redacted | The redacted portion of this memo reflects policy options relating to decisions that need to be made in connection with House Bill 666 (https://www.legis.state.pa.us/CFDOCS/Legis/PN/Public/btCheck.cfm?txtType=PDF&sessYr=1993&sessInd=0&billBody=H&billTyp=B&billNbr=0666&pn=4363), and the RFG program going forward. |
| CMW-PA-1082360 | Withheld | This is an email chain reflecting discussions about issues to be presented in a Technical Guidance document for Closure Requirements for Underground Storage Tank Systems. The email chain contains back and forth discussions as to what should be contained in the final guidance document, reflecting the opinions, comments and suggestions of PDEP personnel, which may or may not be incorporated into the final guidance document. |
| CMW-PA-1186867 | Withheld | This document reflects high-level pre-decisional policy deliberations about proposed changes to the tables of numbers for Statewide health cleanup standards, including to the numbers for MTBE. |

The Honorable Debra C. Freeman
June 19, 2020
Page 6 of 6

| **Bates** | **Status** | **Governmental decision or policy to which the communications reflected relate.** |
|---|---|---|
| | | Any factual material is intertwined with the non-factual recommendation. |
| CMW-PA-1195132 | Withheld | This document reflects pre-decisional policy deliberations about proposed changes to the tables of numbers for Statewide health cleanup standards, including to the numbers for MTBE. Any factual material is intertwined with the non-factual recommendation. |

Additionally, while it is the Commonwealth's understanding from the CMC and ECF No. 496 that the Court does not want document by document discussion or full briefing in the submission cover letter about "whether relevant factors nonetheless weigh in favor of production," the Commonwealth still feels it is prudent to point to:

1) A decision by the Pennsylvania Superior Court finding that DPP under Pennsylvania law (at least in the judicial context) is absolute and not qualified. *See Commonwealth v. McClure*, 172 A.3d 668, 694 (Pa. Super. 2017);

2) A previous decision of this MDL Court finding in the context of deliberations regarding the proprietary of remedial actions for sites that "defendants have not demonstrated that this is an 'exceptional' case where a compelling need for the documents overcomes the protection provided by the deliberative process privilege." *In re Methyl Tertiary Butyl Ether (MTBE) Prod. Liab. Litig.*, 274 F.R.D. 106, 115 (S.D.N.Y. 2011).

Generally, even if the factors do apply here, these documents reflecting non-factual deliberations are not relevant to any claim or defense, and even to the extent they might be relevant, are of marginal value in this litigation. *See* ECF No. 436 at 13-15.

Sincerely,

*Tyler E. Wren*

Tyler E. Wren
Special Counsel to the
Commonwealth of Pennsylvania

Attachments: Exhibits A.
cc: All Counsel of Record via File and Serve (Cover Letter only)