

**mwe.com**

James Pardo
Attorney at Law
jpardo@mwe.com
+1 212 547 5353

September 15, 2020

**BY ECF**

The Honorable Vernon S. Broderick, U.S.D.J.
United States District Court
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

      Re:    MDL 1358, Master File No. 1:00-1898 (VSB), M21-88; *Commonwealth of Pennsylvania, et al. v. Exxon Mobil Co., et al.*, Case No.: 1:14-cv-06228

Dear Judge Broderick:

      Defendants write to seek the Court's guidance with respect to the filing of partial summary judgment motions in the above-captioned case. Defendants are preparing several motions for partial summary judgment on discrete issues that have the potential to significantly narrow the claims and issues in the case, streamline future proceedings, and perhaps facilitate settlement discussions going forward. Further, the most efficient practice for such motions is to file them when they are ripe – *i.e.*, in the near term for motions that hinge primarily on questions of law, and at the close of fact or expert discovery for motions that implicate the undisputed factual or expert record.

      There is, however, a procedural question regarding the filing of multiple motions for partial summary judgment. Although Federal Rule of Civil Procedure 56 makes clear (1) that a party may file for *partial* summary judgment, and (2) that a party may do so "at any time until 30 days after the close of all discovery" (Fed. R. Civ. P. 56(a), (b)), the Rule does not specifically address whether a party may file more than one motion for summary judgment (partial or otherwise).[1]

      Defendants note that during her tenure overseeing MDL 1358, Judge Scheindlin approved of the filing of multiple summary judgment motions. For example, early in MDL 1358, Judge Scheindlin invited briefing on targeted legal issues anticipated to have an overarching impact on the pending cases, including

---

[1] Defendants also note that they have typically filed joint motions. The number of (partial) summary judgment motions that Defendants contemplate is far fewer than the number of Defendants the Commonwealth has named in this action. Defendants believe that jointly filed motions are more efficient than individually filed motions to the extent the issues relate to more than one Defendant, and this request for guidance relates to jointly filed motions only. Each Defendant reserves its right under Rule 56 to file at least one summary judgment motion.



340 Madison Avenue   New York NY 10173-1922   Tel +1 212 547 5400   Fax +1 212 547 5444

*US practice conducted through McDermott Will & Emery LLP.*

on the issues of limitations, standing and alternative causation.[2] *See, e.g., In re MTBE Prods. Liab. Litig.*, 458 F. Supp. 2d 149 (S.D.N.Y. 2006) (deciding summary judgment motion regarding standing of public water provider plaintiffs); *In re MTBE Prods. Liab. Litig.*, 517 F. Supp. 2d 662 (S.D.N.Y. 2007) (granting motion to preclude recovery of punitive damages based on market share liability).

This practice also is consistent with current guidance on management of MDL proceedings. *See, e.g., Manual on Complex Litigation* (4th Ed.), Sample Case Management Order § 5(d) (under heading, "Refinement of Issues," setting deadline by which "issues may be submitted for early resolution on motions under Fed. R. Civ. P. 56[.]"); *see also* Douglas G. Smith, *Resolution of Common Questions in MDL Proceedings*, 66 KANSAS L.R. 219, 252 (2017) (noting that MDL "case management orders regularly provide a period for the filing and resolution of dispositive motions early in the proceedings."). *Cf. In re MTBE*, Opinion & Order (Jan. 7, 2019), at 7-8 (ECF No. 4533) (denying Plaintiff's motion for suggestion of remand because, *inter alia*, Court had gained "significant familiarity with the relevant complex factual and legal issues involved in the MDL" and retention of the case would "avoid[] inconsistent rulings.").

In short, Defendants believe that the filing of several targeted joint motions for partial summary judgment will resolve significant aspects of this case, leading to greater efficiency for the parties and the Court going forward. However, as Defendants are not familiar with Your Honor's preferences regarding such motions, we hereby request leave to file such motions in this instance.[3] Defendants would be happy to discuss these issues in greater detail with the Court via telephone or video conference should Your Honor request it.

Respectfully submitted,

*James A. Pardo*

James A. Pardo

*Counsel for Exxon Mobil Corporation*
*and on Behalf of All Defendants*

cc:   The Honorable Debra Freeman, U.S.M.J. (by ECF)
      All Counsel of Record (by LNFS)

DM_US 171804484-3.037771.0286

---

[2] Judge Scheindlin also approved of Defendants filing discrete and partial, rather than omnibus, summary judgment motions. For example, in *Commonwealth of Puerto Rico v. Shell Oil Co.*, Defendants filed discrete summary judgment motions on the statute of limitations defense, lack of causation, and plaintiff's failure to warn claim. This allowed the Court to focus more specifically on individual topics.

[3] Defendants met and conferred with Plaintiff counsel regarding this request. Plaintiff's counsel declined to consent and indicated that Plaintiff objected to Defendants' request.

