Law Offices of
# MILLER & AXLINE
A Professional Corporation

DUANE C. MILLER
MICHAEL AXLINE　　　　　　　　　　　　　　　　BRYAN BARNHART
TRACEY L. O'REILLY　　　　　　　　　　　　　　　DAVE E. BLUM
DANIEL BOONE　　　　　　　　　　　　　　　　　MOLLY MCGINLEY HAN
JUSTIN MASSEY

April 16, 2021

**VIA EMAIL & ECF**

The Honorable Debra Freeman
United States Magistrate Judge
U.S. District Court Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Courtroom 17A
New York, New York 10007

Re:   **In re Methyl Tertiary Butyl Ether (MTBE) Products Liability Litigation, MDL 1358
Commonwealth of Pennsylvania v. Exxon Mobil Corp., et al.,**
*Case No. 1:14-cv-06228*
**Plaintiff Commonwealth of Pennsylvania's Motion to Compel Defendant American Refining Group to Respond to Discovery Requests and Deposition Notices**

Dear Judge Freeman:

　　Plaintiff Commonwealth of Pennsylvania (the "Commonwealth") submits this letter brief in support of its motion to compel defendant American Refining Group to respond to numerous outstanding discovery requests and deposition notices.

　　Defendant American Refining Group ("American Refining") was first named as a defendant in the Commonwealth's initial Complaint filed in 2014.  American Refining initially participated in discovery, and filed responses to a number of the Commonwealth's early non-site-specific discovery requests.  Later, however, American Refining fell behind in responding to discovery requests and deposition notices, and finally ceased responding to any discovery requests at all.

　　The Commonwealth reached out to American Refining to meet and confer regarding these outstanding responses as well as to seek documents that were missing from materials initially provided by American Refining.  (Ex. 1, Aug. 5, 2020, Ltr from T. O'Reilly to E. Dunham [w/o encls.].)  In response to this meet and confer effort, American Refining agreed to provide missing discovery responses and documents as promptly as possible.  (Ex. 2, Sept. 19,

The Honorable Debra Freeman
Page 2
April 16, 2021
_____

2020, Email from E. Dunham to T. O'Reilly.)  The Commonwealth never received any of the promised discovery responses or documents.  In fact, the Commonwealth never received any further communications from counsel for American Refining despite numerous follow-up efforts.  The Commonwealth then sent American Refining a final demand for the long overdue discovery.  (Ex 3, Jan. 25, 2021, Ltr from T. O'Reilly to E. Dunham.)  The Commonwealth did not receive any of the outstanding discovery responses or deposition dates in response to this demand.

      The Commonwealth seeks an order from the Court requiring American Refining to provide final, verified responses to the outstanding discovery requests within 30 days, and to produce responsive documents within 45 days.  (Ex. 4, Outstanding Discovery Requests to American Refining Group.)  The Commonwealth seeks a further order requiring American Refining to produce witness for deposition in response to the Commonwealth's outstanding deposition notices within two weeks after all responsive documents have been produced.  (Ex. 4, Outstanding Deposition Notices to American Refining Group.)

      Respectfully submitted,

      */s/ Tracey L. O'Reilly*

      Tracey L. O'Reilly
      Counsel for the Commonwealth of
      Pennsylvania

Encls.

Cc: All Counsel of Record (via LNFS)

# EXHIBIT 1

Law Offices of
# MILLER & AXLINE
A Professional Corporation

| | |
|---|---|
| DUANE C. MILLER | BRYAN BARNHART |
| MICHAEL AXLINE | DAVE E. BLUM |
| TRACEY L. O'REILLY | MOLLY MCGINLEY HAN |
| DANIEL BOONE | |
| JUSTIN MASSEY | |

August 5, 2020

<u>VIA EMAIL AND LNFS</u>

Edward Dunham, Jr.
Spector Gadon Rosen Vinci
1635 Market Street, 7th Floor
Philadelphia, Pennsylvania 19103

    Re:    *Commonwealth of Pennsylvania v. Exxon Mobil Corp., et al.*
                 Case No. 1:14-cv-06228-SAS
                 **Plaintiff Commonwealth of Pennsylvania's 30(b)(6) Deposition Notice to American Refining Group**

Dear Mr. Dunham:

    I am writing on behalf of plaintiff Commonwealth of Pennsylvania (the "Commonwealth") to meet and confer regarding the March 2, 2020, 30(b)(6) Deposition Notice to American Refining Group ("ARG") regarding Gasoline Sold in Pennsylvania, as well as ARG's responses, or lack thereof, to discovery requests served by the Commonwealth.

### ARG's Distribution of MTBE Gasoline in Pennsylvania

    In discovery responses served to date, ARG took the position that its Pennsylvania refineries only produced and distributed gasoline containing MTBE on two limited occasions:

- June 23, 1994, to November 30, 1994, at the Indianola facility.[1]  ARG purchased 3,947 gallons of MTBE in June 1994, and then purchased six rail cars of MTBE (166,357 gallons) in October 1994 at Brecksville, Ohio.  ARG blended this

---

[1] *See* Feb. 23, 2016, Declaration of American Refining Group, Inc. to Section III.E of Case Management Order No. 119 and Section III.B.2 of Case Management Order No. 4 at 2.

Edward Dunham, Jr.
Page 2
August 5, 2020

>MTBE into gasoline and distributed it from the Indianola facility during the June to November 1994 time period.

- June 1998 at the Bradford facility.[2] When ARG purchased the Bradford facility, ARG claimed that there was 13,847 gallons of MTBE already in the refinery inventory. ARG claimed that it ultimately used this MTBE to manufacture gasoline which was distributed from this facility in or around June 1998.

Documents from the Commonwealth's files demonstrate, however, that ARG has separated substantial volumes of MTBE gasoline from pipeline interface or transmix, and distributed it across Western Pennsylvania from its Pennsylvania refineries.

In a letter to its legislative representative, for example, ARG claimed that its primary business is separating "transmix back into its original component parts" and then, among other dispositions, distributing the finished gasoline to Western Pennsylvania.[3] In a 1994 letter to the United States Environmental Protection Agency (EPA) concerning the proposed RFG regulations, ARG similarly stated that it "provides a vital service to the petroleum pipeline industry by purchasing, receiving, and separating these Interfaces and returning the original components back to the finished product market."[4] It is clear that ARG separates and distributes substantial amounts of finished gasoline in Pennsylvania.

With respect to MTBE gasoline, ARG further advised the EPA that it provides "the essential service of separating previously-certified RFG . . ." and "return[ing] it to the market . . ."[5] ARG argued, in fact, that it should not be required to recertify the RFG it separates and distributes because it "will have been previously produced by major refiners and must be certified by them . . ."[6] ARG claimed that because it "will merely separate" the RFG from the transmix, the RFG gasoline produced by ARG "should not be considered new production."[7] ARG's 1994 letter to the EPA makes it clear that ARG processed substantial quantities of MTBE

---

[2] *See* Feb. 23, 2016, Declaration of American Refining Group, Inc. to Section III.E of Case Management Order No. 119 and Section III.B.2 of Case Management Order No. 4 at 3.

[3] *See* Ex. 1, Sept. 15, 1994, Ltr from Donald Shupp, President, American Refining Group, to The Honorable R. J. Cessar (CMW-PA-1045428 to 1045429) at p. 1.

[4] *See* Ex. 2, April 29, 1994, Ltr from D. Schupp, President, American Refining Group, to M. Smith, Director, Field Operations and Support Division, Office of Air and Radiation, Environmental Protection Agency (CMW-PA-1045430 to CMW-PA- 1045433) at 1.

[5] *Id.* at 3.

[6] *Id.*

[7] *Id.*

Edward Dunham, Jr.
Page 3
August 5, 2020

gasoline from transmix or interface, including RFG, and distributed this gasoline to its customers in Western Pennsylvania.

Evidence from other MTBE MDL cases demonstrates that MTBE was widely used as an octane enhancer in conventional gasoline distributed throughout the Northeast starting in the early 1980s.[8] The Energy Information Agency specifically instructs reporting entities to report MTBE gasoline as "conventional" if it has not been certified as "reformulated gasoline."[9] The 1994 letter to the EPA also demonstrates that ARG was well aware that it was receiving, separating, and distributing RFG or MTBE gasoline that had been manufactured by other refiners. ARG claimed, nonetheless, that "no entity supplied ARG with MTBE gasoline" in response to the Commonwealth's First Set of Interrogatories.[10] This response is clearly incorrect. ARG has not, in fact, ever disclosed in discovery its receipt, processing and distribution of RFG or MTBE gasoline from its Pennsylvania refineries. This is a material omission.

When ARG was initially sued in the MTBE MDL, ARG offered to produce an affidavit by its Vice President of Account, Jeannine T. Schoenecker, concerning ARG's manufacture and distribution of gasoline in support of a request for dismissal from the MTBE MDL.[11] We are unable to confirm whether or not ARG ultimately produced the promised affidavit, but it most certainly has not been produced by ARG in this matter.

### ARG Lobbying Efforts Regarding RFG Regulations

Documents from the Commonwealth's files also show that ARG lobbied multiple government agencies in connection with implementation of the RFG regulations. ARG, for example, participated in the Commonwealth's process by making a presentation at an Ozone Stakeholders Workgroup meeting, advocating for the implementation of Low RVP

---

[8] *See e.g.* Nov. 15, 2012, Expert Report of John B. O'Brien, *New Jersey Dept. of Environmental Protection, et al. v. Atlantic Richfield Co., et al.* at ¶ 50 ["MTBE was introduced commercially as an octane enhancer in 1979."]; ¶ 56 ["By the end of the 1980s, MTBE was the primary octane enhancer used by refineries."].

[9] *See* 12/31/2015, U.S. Department of Energy, U.S. Energy Information Administration, EIA782C, Monthly Report of Prime Supplier Sales of Petroleum Products Sold for Local Consumption Instructions at "Finished Motor Gasoline," p. 3.)

[10] *See* June 16, 2015, American Refining Group, Inc.'s Answers to Plaintiff's Interrogatories at Response to Interrogatory Nos. 3-5.)

[11] *See* Ex. 3, Jan. 18, 2005, Ltr from K. Lund to S. Johnston, at 2.

Edward Dunham, Jr.
Page 4
August 5, 2020

gasoline over MTBE.[12]  ARG participated in industry comments submitted to the Commonwealth's Environmental Quality Board regarding the proposed regulations.[13]  The documents discussed above demonstrate that ARG was also actively lobbying its legislative representatives and the EPA concerning interpretation and implementation of the RFG regulations.  Again demonstrating that ARG had involvement with the processing and distribution of MTBE gasoline in Pennsylvania.

### Missing Documents

The Commonwealth has served several sets of discovery seeking documents from ARG concerning the RFG program, oxygenates, lobbying, marketing as well as ARG's distribution of MTBE gasoline.  ARG has not produced a single document or any Electronically Stored Information (ESI) in response to any of the Commonwealth's discovery requests even though it is apparent that there are relevant documents in its files, including documents on its own letterhead.

ARG must immediately produce *all* documents and materials relating to its processing and distribution of MTBE gasoline in the Commonwealth, as well as materials relating to ARG's participation in the RFG/Oxygenated fuel regulation process.  ARG must also immediately produce a copy of any affidavit made by Ms. Schoenecker.

Finally, ARG must adequately supplement its prior discovery responses to disclose ARG's processing and distribution of interface and/or transmix during the relevant time period, including detailed information concerning the sources of the interface and/or transmix, and the ultimate disposition of the separated product.

### Missing Discovery Responses

It appears that ARG has not responded to any discovery requests served by the Commonwealth since December 2017.  As of today, ARG has failed to respond to the following discovery requests:

1. Dec. 5, 2019, Plaintiff Commonwealth of Pennsylvania's Third Set of Requests for Production of Document to Defendants;

2. March 15, 2019, Plaintiff Commonwealth of Pennsylvania's Second Set of Special Interrogatories to Defendants;

---

[12] *See* Ex. 4, Oct. 11, 1996, American Refining Group, Inc. Presentation to Ozone Stakeholders Workgroup, by Michael A. Vanderberg, Advantages of Low Vapor Pressure Gasoline (CMW-PA-0784909 to CMW-PA-0784914).

[13] *See* Ex. 5, June 3, 1997, Ltr from M. Vandenberg to Environmental Quality Board (CMW-PA–0817609); *see also* CMW-PA-1272263.

Edward Dunham, Jr.
Page 5
August 5, 2020

    3.    March 19, 2019, Plaintiff Commonwealth of Pennsylvania's Third Set of Special Interrogatories and Requests for Production of Documents to Defendants Regarding Communications with the Petroleum Marketers & Convenience Store Association;

    4.    May 14, 2019, Plaintiff's Amended First Set of Site-Specific Interrogatories and Requests for Production of Documents to Defendants;

    5.    May 14, 2019, Plaintiff's Amended Second Set of Site-Specific Interrogatories and Requests for Production of Documents to Defendants; and

    6.    August 9, 2019, Plaintiff's Interrogatories and Requests for Production of Documents to Defendants Regarding Communications with the Commonwealth of Pennsylvania.

ARG's responses to these discovery requests are, for the most part, more than a year overdue. Please provide ARG's responses no later than Monday, August 24, 2020, to all of the above requests. Should we fail to receive responses and corresponding productions from ARG by that date, we will be forced to raise this issue with the Court.

**<u>Deposition Notice</u>**

The Commonwealth contends that, given ARG's more than minimal participation in the distribution of MTBE gasoline in Pennsylvania, the Commonwealth is entitled to take the deposition of ARG's corporate representative in response to the above notice.

Please immediately provide proposed dates prior to September 28, 2020, and confirm that ARG is willing to proceed with a virtual deposition.

                        Sincerely,

                        */s/*

                        Tracey L. O'Reilly

cc: All Counsel (via LNFS w/ encls.)

# EXHIBIT 2

| | |
|---|---|
| **From:** | Edward M. Dunham Jr. |
| **To:** | Tracey O"Reilly |
| **Cc:** | Duane Miller; Mike Axline; Molly Han; Susan Tamayo |
| **Subject:** | RE: PA 30(b)(6) Notice to ARG - Meet & Confer |
| **Date:** | Saturday, September 19, 2020 2:17:23 PM |

Ms Reilly – thanks for your note and no apology due on your part. I, however, do owe you my sincere apology for ARG's lack of production. I will have something to you on Monday, if not the entire production which will be forthcoming within the next few days. It's a long, boring story, and COVID-19 has not helped.

You will hear from me on Monday.

Kindest regards, Ned



**Edward M. Dunham Jr.**, Esquire

**Spector Gadon Rosen Vinci** P.C.

**T** +1 215-241-8802
**F** +1 215-531-9102
**E** edunham@sgrvlaw.com

**www.sgrvlaw.com**    1635 Market Street, 7th Floor, Philadelphia, PA 19103

This communication including attachments, may contain information that is confidential and protected by the attorney/client or other privilege. If you are not the intended recipient of this communication, or if you believe that you have received this communication in error, please notify the sender immediately and kindly delete this email, including attachments, without reading or saving them in any manner.
IRS Circular 230 Disclosure: To ensure compliance with U.S. Treasury Regulations governing tax practice, we inform you that, unless expressly indicated otherwise, any federal tax advice contained in this communication (including attachments) was not written to be used for and cannot be used for (i) purposes of avoiding any tax-related penalties that may be imposed under Federal tax laws, or (ii) the promotion, marketing, or recommending to another party of any tax-related transaction or matter addressed herein.

**From:** Tracey O'Reilly [mailto:toreilly@milleraxline.com]
**Sent:** Friday, September 18, 2020 5:47 PM
**To:** Edward M. Dunham Jr.
**Cc:** Duane Miller; Mike Axline; Molly Han; Susan Tamayo
**Subject:** RE: PA 30(b)(6) Notice to ARG - Meet & Confer

Mr. Dunham,

# EXHIBIT 3

Law Offices of
# MILLER & AXLINE
A Professional Corporation

| | |
|---|---|
| DUANE C. MILLER | BRYAN BARNHART |
| MICHAEL AXLINE | DAVE E. BLUM |
| TRACEY L. O'REILLY | MOLLY MCGINLEY HAN |
| DANIEL BOONE | |
| JUSTIN MASSEY | |

January 25, 2021

<u>VIA EMAIL AND LNFS</u>

Edward Dunham, Jr.
Spector Gadon Rosen Vinci
1635 Market Street, 7th Floor
Philadelphia, Pennsylvania 19103

Re:   *Commonwealth of Pennsylvania v. Exxon Mobil Corp., et al.*
       Case No. 1:14-cv-06228-SAS
       **Plaintiff Commonwealth of Pennsylvania's Discovery to American Refining Group**

Dear Mr. Dunham:

I am writing on behalf of plaintiff Commonwealth of Pennsylvania (the "Commonwealth") to further meet and confer regarding the March 2, 2020, 30(b)(6) Deposition Notice to American Refining Group ("ARG") regarding Gasoline Sold in Pennsylvania, as well as ARG's responses, or lack thereof, to discovery requests served by the Commonwealth. Since my last letter of August 5, 2020, the Commonwealth has served two additional 30(b)(6) Deposition Notices on ARG. (*See* Aug. 28, 2020, Plaintiff's Notice of Deposition of American Refining Group, Inc. re Knowledge with Production of Documents and Videotaping ("Knowledge") and Aug. 28, 2020, Plaintiff Commonwealth of Pennsylvania's Notice of Deposition of Defendant American Refining Group, on Designated Issues Regarding Warnings, with Production of Documents and Videotaping ("Warnings").)

To date, I have not received any substantive response to my August 5, 2020, letter, nor have we received any discovery responses, document productions, or proposed deposition dates from ARG since my August 5, 2020, letter. Instead, the last communication that we received was an email with draft, unverified "responses" to the Commonwealth's Amended First Set of Site-Specific Interrogatories and Requests, and then a further promise that additional discovery responses would be forthcoming. (*See* Sept. 20, 2020, Email from E. Dunham to T. O'Reilly,

1050 Fulton Avenue, Suite 100, Sacramento, CA  95825-4225;  Telephone:  (916) 488-6688
Facsimile:  (916) 488-4288;  Email: <u>toxictorts@toxictorts.org</u>

Edward Dunham, Jr.
Page 2
January 25, 2021

Subject: 3043966_6; and Sept. 21, 2020, Email from E. Dunham to T. O'Reilly, Subject: Discovery Responses.)

As you know, the outstanding discovery served by the Commonwealth must be completed by mid-March 2021 per Case Management Order #126.  Should we fail to receive all outstanding discovery responses, document productions, and proposed deposition dates for the Gasoline Sold, Knowledge and Warning deposition notices by Monday, February 1, 2021, then we will be forced to raise this issue with Court and seek all appropriate remedies.

**Missing Documents**

The Commonwealth has served several sets of discovery seeking documents from ARG concerning the RFG program, oxygenates, lobbying, marketing as well as ARG's distribution of MTBE gasoline.  ARG still has not produced a single document or any Electronically Stored Information (ESI) in response to any of the Commonwealth's discovery requests even though it is apparent that there are relevant documents in its files, including documents on its own letterhead.

ARG must immediately produce *all* documents and materials relating to its processing and distribution of MTBE gasoline in the Commonwealth, as well as materials relating to ARG's participation in the RFG/Oxygenated fuel regulation process.  ARG must also immediately produce a copy of any affidavit made by Ms. Schoenecker.

Finally, ARG must adequately supplement its prior discovery responses to disclose ARG's processing and distribution of interface and/or transmix during the relevant time period, including detailed information concerning the sources of the interface and/or transmix, and the ultimate disposition of the separated product as set forth in my August 5, 2020, letter.

**Missing Discovery Responses**

It appears that ARG still has not properly responded to any discovery requests served by the Commonwealth since December 2017.

As of today, ARG has failed to respond to the following discovery requests:

1. Dec. 5, 2018, Plaintiff Commonwealth of Pennsylvania's Third Set of Requests for Production of Document to Defendants;

2. March 15, 2019, Plaintiff Commonwealth of Pennsylvania's Second Set of Special Interrogatories to Defendants regarding Material Safety Data Sheets;

3. March 19, 2019, Plaintiff Commonwealth of Pennsylvania's Third Set of Special Interrogatories and Requests for Production of Documents to Defendants Regarding Communications with the Petroleum Marketers & Convenience Store Association;

Edward Dunham, Jr.
Page 3
January 25, 2021

4. April 2, 2019, Plaintiff Commonwealth of Pennsylvania's Fourth Set of Special Interrogatories to Defendants Regarding Non-Site-Specific Fact Witnesses;

5. May 14, 2019, Plaintiff's Amended First Set of Site-Specific Interrogatories and Requests for Production of Documents to Defendants;[1]

6. May 14, 2019, Plaintiff's Amended Second Set of Site-Specific Interrogatories and Requests for Production of Documents to Defendants;

7. August 9, 2019, Plaintiff's Interrogatories and Requests for Production of Documents to Defendants Regarding Communications with the Commonwealth of Pennsylvania;

8. March 13, 2020, Plaintiff's Fourth Set of Requests for Production of Documents to Defendants;

9. July 22, 2020, Plaintiff Commonwealth of Pennsylvania's Fifth Set of Special Interrogatories and Requests for Production of Documents to Defendants Regarding Gasoline Taxes;

10. Aug. 20, 2020, Plaintiff Commonwealth of Pennsylvania's Sixth Set of Special Interrogatories and Requests for Production of Documents to Defendants Regarding Market Share;

11. Aug. 28, 2020, Plaintiff Commonwealth of Pennsylvania's Seventh Set of Special Interrogatories and Requests for Production of Documents to Defendants Regarding Associations;

12. Aug. 28, 2020, Plaintiff's Eighth Set of Special Interrogatories to Defendants Regarding Affirmative Defenses;

13. Aug. 28, 2020, Plaintiff's Ninth Set of Special Interrogatories and Requests for Production of Documents to Defendants Regarding Insurance Coverage and Additional Persons;

14. Aug. 28, 2020, Plaintiff's Tenth Set of Special Interrogatories and Requests for Production of Documents to Defendants Regarding Liability;

15. Aug. 28, 2020, Plaintiff Commonwealth of Pennsylvania's First Set of Special Interrogatories and Requests for Production of Documents to Defendant American Refining Group Regarding Knowledge.

---

[1] We have received a Word version of "responses" to these discovery requests, but the responses were not complete, have not been served, and were not verified.

Edward Dunham, Jr.
Page 4
January 25, 2021

ARG's responses to these discovery requests are, for the most part, more than a year overdue, and we have not received any assurances from you that ARG intends to respond to this long overdue discovery since your September 21, 2020, email to me claiming that you were "[s]till working with [the] client."  (Sept. 21, 2020, Email from E. Dunham to T. O'Reilly, Subject: Discovery Responses.)

**Deposition Notices**

The Commonwealth contends that, given ARG's more than minimal participation in the distribution of MTBE gasoline in Pennsylvania, the Commonwealth is entitled to take the deposition of ARG's corporate representative in response to the above notice, as well as the two additional notices served on August 28, 2020.

Please immediately provide proposed dates prior to Feburary 1, 2021, and confirm that ARG is willing to proceed with a virtual deposition.

Sincerely,

*/s/Tracey L. O'Reilly*

Tracey L. O'Reilly

cc: All Counsel (via FSX)

**EXHIBIT 4**

**Outstanding Discovery Requests to American Refining Group**

| DATE SERVED | DISCOVERY REQUEST |
|---|---|
| 08/11/16 | Plaintiff Commonwealth of Pennsylvania's First Request for Production of Documents to Defendants |
| 12/05/18 | Plaintiff Commonwealth of Pennsylvania's Third Set of Requests for Production of Documents to Defendants (regarding Charles River Laboratories & Hamner) |
| 03/15/19 | Plaintiff Commonwealth of Pennsylvania's Second Set of Special Interrogatories to Defendants (regarding MSDS) |
| 03/19/19 | Plaintiff Commonwealth of Pennsylvania's Third Set of Special Interrogatories and Requests for Production of Documents to Defendants Regarding Communications with the Petroleum Marketers & Convenience Store Association |
| 04/02/19 | Plaintiff Commonwealth of Pennsylvania's Fourth Set of Special Interrogatories to Defendants Regarding Non-Site Specific Fact Witnesses |
| 05/14/19 | Plaintiff's Amended First Set of Site-Specific Interrogatories and Requests for Production of Documents to Defendants |
| 05/14/19 | Plaintiff's Amended Second Set of Site-Specific Interrogatories and Requests for Production of Documents to Defendants |
| 08/09/19 | Plaintiff's Interrogatories and Requests for Production of Documents to Defendants Regarding Communications with the Commonwealth of Pennsylvania |
| 03/13/20 | Plaintiff's Fourth Set of Requests for Production of Documents to Defendants (regarding Prior MTBE Discovery) |
| 07/22/20 | Plaintiff Commonwealth of Pennsylvania's Fifth Set of Interrogatories and Requests for Production of Documents to Defendants Regarding Gasoline Related Taxes |
| 08/28/20 | Plaintiff Commonwealth of Pennsylvania's First Set of Interrogatories and Requests for Production of Documents to Regarding Knowledge |
| 08/28/20 | Plaintiff Commonwealth of Pennsylvania's Sixth Set of Special Interrogatories and Requests for Production of Documents to Defendants Regarding Market Share |
| 08/28/20 | Plaintiff Commonwealth of Pennsylvania's Seventh Set of Special Interrogatories and Requests for Production of Documents to Defendants Regarding Associations |
| 08/28/20 | Plaintiff's Eighth Set of Special Interrogatories and Requests for Production of Documents to Defendants Regarding Affirmative Defenses |
| 08/28/20 | Plaintiff's Ninth Set of Interrogatories and Requests for Production of Documents to Defendants Regarding Insurance Coverage and Additional Persons |
| 08/28/20 | Plaintiff's Tenth Set of Interrogatories and Requests for Production of Documents to Defendants Regarding Liability |
| 08/28/20 | Plaintiff Commonwealth of Pennsylvania's First Set of Special Interrogatories and Requests for Production of Documents to American Refining Group Regarding Knowledge |

*Commonwealth of Pennsylvania v. ExxonMobil*
**Outstanding Deposition Notices to American Refining Group**

| DATE SERVED | DEPOSITION NOTICE |
|---|---|
| 03/30/20 | Plaintiff Commonwealth of Pennsylvania's Notice of Deposition of American Refining Group Regarding Gasoline Sold in Pennsylvania |
| 08/28/20 | Plaintiff Commonwealth of Pennsylvania's Notice of Deposition of American Refining Group Re Warnings |
| 08/28/20 | Plaintiff Commonwealth of Pennsylvania's Notice of Deposition of American Refining Group re Knowledge |