UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: METHYL TERTIARY BUTYL ETHER ("MTBE") PRODUCTS LIABILITY LITIGATION<br><br>**This document relates to:**<br><br>*Commonwealth of Pennsylvania, etc. v. Exxon Mobil Corporation, et al,*<br><br>Case No. 1:14-cv-06228 | Master File No. 1:00-1898<br><br>MDL 1358<br><br>Hon. Vernon S. Broderick<br>Hon. Debra C. Freeman |

**PETITION TO CONFIRM ATTORNEYS' FEE AND REIMBURSABLE EXPENSES PAYABLE TO THE ATTORNEYS FOR PLAINTIFF COMMONWEALTH OF PENNSYLVANIA IN CONNECTION WITH ITS SETTLEMENT WITH THE KINDER MORGAN DEFENDANTS**

1. To prosecute its claims for MTBE damage and cost recovery, Plaintiff Commonwealth of Pennsylvania in 2010 retained three outside law firms —Berger Montague PC; Cohen, Placitella &Roth, P.C.; and Miller & Axline, P.C. (the "Firms") — as special counsel under the supervision of the Office of the Attorney General of Pennsylvania ("OAG"). The Firms are counsel of record for the Commonwealth in this case and have been vigorously prosecuting the matter since its filing in 2014.

2. The Firms have recently resolved by way of settlement the Commonwealth's claims in this case against Defendants Coastal Eagle Point Oil Company, El Paso Merchant Energy-Petroleum Company, Kinder Morgan, Inc. and Kinder Morgan Transmix Company, LLC (collectively "Kinder Morgan").

3. Pursuant to its stipulated Order dated March 1, 2022 (ECF# 4698), the Court dismissed this action against Kinder Morgan with prejudice as a result of the settlement.

1

4. The Kinder Morgan settlement proceeds has been received by OAG and are ready for distribution to the Commonwealth and the Firms pursuant to the terms of the Legal Services Agreement between the Firms and OAG, dated December 17, 2019.

5. The Legal Services Agreement provides the Firms are to be compensated for their services on a sliding percentage schedule and reimbursed for their expenses in prosecuting this case contingent upon securing recoveries by way of settlement or judgment in this case.

6. Pursuant to the Legal Services Agreement, the Firms are entitled to compensation for their services in the amount of $2,250,000 and reimbursement of expenses in the amount of $4,000,000, with respect to the amount received in the Kinder Morgan settlement.

7. The Commonwealth, through OAG, has reviewed the proposed fee and reimbursement of expenses for reasonableness, accuracy and lodestar totals, and accepts them as properly due the Firms under the Legal Services Agreement.

8. The Legal Services Agreement provides that prior to payment the Firms will petition this Court to confirm the proposed fee and reimbursement of expenses with respect to any recovery "to ensure they conform to Pennsylvania Rule of Professional Conduct 1.5 (a) and (c)."

9. In order not to unduly burden the Court with this request, the Legal Services Agreement provides that, if the Court declines to rule or has not ruled on the petition within 90 days of submission, the petition will be withdrawn and the Commonwealth will pay the Firms the requested fee and reimbursable expenses.

10. The Firms followed this procedure with the Court in 2020 in connection with settlements at that time with three other defendants in this case. The Court granted the petition to confirm the attorney fee and reimbursement of expenses in connection with those settlements, by

its Order dated June 22, 2020 (ECF #499).

11.   Except for the amounts at issue, the instant petition is essentially the same as that granted by the Court in 2020.

12.   With this petition, the Firms request, and the Commonwealth supports, confirmation by this Court that the proposed fee and expense reimbursements under the current settlement conform to Pennsylvania Rule of Professional Conduct 1.5 (a) and (c).

13.   As demonstrated herein, the requested distributions fully conform to the Legal Services Agreement between the parties and to Pennsylvania Rule of Professional Conduct 1.5(a) and (c).

**I.   The Proposed Fee and Reimbursable Expenses Conform to PA RPC 1.5 (a)**

14.   RPC 1.5(a) provides "A lawyer shall not enter into an agreement for, charge, or collect an illegal or clearly excessive fee."

15.   The Firms' fee due here under the Legal Services Agreement is clearly not illegal or excessive.

16.   Rule 1.5 (a) lays out a number of factors to be considered in determining the propriety of a fee:

- **RPC 1.5(a)(1): "whether the fee is fixed or contingent"**

17.   The initial factor to be considered in determining conformance to these Rules is "whether the fee is fixed or contingent[.]"

18.   This is a purely contingent fee case where the Firms have assumed the great risk of receiving no fee or expense reimbursement should there be no recoveries.

19.   Pennsylvania courts generally uphold contingency fee agreements voluntarily entered into by the parties so long as they are not excessive and do not take "inequitable

advantage of the payer." *Richette v. Solomon*, 187 A.2d 910, 919 (Pa. 1963).

20. The Legal Services Agreement was voluntarily entered into by parties of equal competency after extensive arms-length negotiations.

- **RPC 1.5(a)(2): "the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly"**

21. The second factor to be considered in this review is "the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly[.]"

22. This multi-layered factor is easily fulfilled here, as significant time, labor and skill have been required of the Firms to date in the performance of the legal services in this litigation which have contributed to this settlement. This case, like all MTBE litigation by states, has involved novel and difficult questions of law and fact requiring the services of highly skilled counsel like the Firms.

23. During their 12 years as counsel for the Commonwealth in this matter, the Firms have devoted more than 64,610 hours in attorney and paralegal time engaging in complex, intensely contested, broad in scope, expensive, and time-consuming litigation, requiring extensive investigation, document review, pleadings, motion practice and discovery.

24. For example, the Firms identified more than 5500 MTBE release sites in Pennsylvania through a massive multi-year review of hard copy case files and electronic data from various Commonwealth agencies.

25. More than 16 million pages of Commonwealth documents, many of them hard copy which required scanning, have been gathered by the Firms and produced to the defendants, with additional and equally massive quantities of electronic data and databases. Overall, more

than 40 million pages of electronic documents have been collected and managed in the case to date. The Firms have incurred extensive charges to successfully host, process and search this electronic data.

26. In the last several years, the parties have engaged in extensive discovery on both non-site-specific issues and site-specific issues.

27. The complex nature and structure of the Commonwealth government required lengthy investigation and discovery by counsel into the practices and records of its agencies and personnel. The records and practices of the defendants establishing their liability were likewise complex and difficult to reveal. To that end, more than 275 depositions have been taken or defended by the Firms in this case.

28. Special skills on the part of the Firms have been required to properly perform the legal services in this matter. Environmental litigation is a specialized area of law, and natural resource damage litigation even more specialized. Many dispositive motions and many discovery motions have been filed in this case. The particularized knowledge, experience and expertise of the Firms have been important factors in reaching the eight-figure Kinder Morgan settlement in this case.

29. In addition to their particularized legal knowledge and expertise, the Firms have had to master complex scientific and economic issues including hydrogeology, statistics, toxicology, engineering, and resource economics. The volume of documents and data required the superior skillsets of the Firms in administering data, document analysis and technology assisted review techniques.

30. Defending the 52 defendants in this case are 28 law firms, including many of the top defense firms in the country. The quantity and quality of defense counsel in this matter also

required special skill and attention of the Firms.

31. The Kinder Morgan settlement was negotiated by the parties for more than a year. The Firms' cumulative legal services over the past 12 years to successfully establish the facts of the case generally and as to each defendant, including Kinder Morgan, and to contest various legal issues in the case was an essential factor in reaching the favorable settlement with Kinder Morgan, as well as generating interest from other defendants in settlement.

- **RPC 1.5(a)(3): "the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer"**

32. The next factor be considered is "the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer[.]" The Commonwealth has been fully aware since the inception of the representation that a considerable amount of the Firms' available time would be spent on this complex case. Indeed, at this point, more than 64,610 hours have been expended collectively by the Firms in their representation of the Commonwealth in this matter. While this has not precluded all other legal work by the Firms, this case obviously has consumed a substantial amount of time for the individual attorneys involved, thereby substantially precluding or limiting their work on other paying matters.

- **RPC 1.5(a)(4): "the fee customarily charged in the locality for similar legalservices"**

33. The fourth factor to consider is "the fee customarily charged in the locality for similar legal services[.]" Under the operative Legal Services Agreement, the Firms are to receive an 18% contingent fee on the first $300 million recovered in the case. This is considerably less than the 33 1/3 % and greater fees customarily charged in Pennsylvania for plaintiffs' contingent representation. In addition, the Legal Services Agreement provides that in

no circumstance shall the Firms' distributions (including expense reimbursement) be more than 50% of the amount of any Recovery. In entering into the Legal Services Agreement after protracted arms-length negotiations, the Commonwealth recognized and agreed that the fee schedule (and the categories of reimbursable expenses) set forth therein are "reasonable."

- **RPC 1.5(a)(5): the amount involved and the results obtained**

34. The next factor is "the amount involved and the results obtained." The Kinder Morgan settlement is the first eight figure settlement with a defendant in this case. This is a significant settlement and an excellent result.

- **RPC 1.5(a)(6): "the time limitations imposed by the client or by the circumstances"**

35. The sixth factor is the "time limitations imposed by the client or by the circumstances." In beginning the representation of the Commonwealth in this matter, the Firms embarked on a multi-year investment of time and resources with an expected return only far down the road. The Firms have devoted significant resources to successfully comply with the Court-imposed time limitations for discovery and motions and to represent the Commonwealth to the best of their ability in this very complex and contentious litigation with highly skilled lawyers from major law firms representing numerous defendants.

- **RPC 1.5(a)(7): "the nature and length of the professional relationship withthe client"**

36. The seventh factor — "the nature and length of the professional relationship with the client" — is also easily satisfied as the initial agreement for legal services in this case was entered into between the Commonwealth and the Firms more than 12 years ago and the parties have worked closely together for the duration of the case.

- **RPC 1.5(a)(8): "the experience, reputation, and ability of the lawyer or lawyers performing the services"**

37. The eighth and final factor to consider in this review is "the experience, reputation, and ability of the lawyer or lawyers performing the services."

38. Miller & Axline, P.C. is the national pioneer in plaintiffs' MTBE litigation. The firm tried the first MTBE case in the country to a jury in 2001 and has been active in MTBE litigation for almost two decades. The primary attorneys in this matter for the Miller Firm are Duane Miller and Michael Axline, who together have over 60 years of experience in environmental and toxic torts litigation.

39. Berger Montague PC is one of the premier plaintiffs' litigation firms in the United States. The primary Berger attorneys in this matter, Daniel Berger and Tyler E. Wren, are experienced environmental litigators with more than 90 years combined legal experience.

40. Cohen, Placitella & Roth, P.C. is a leader in complex plaintiffs' litigation, including environmental, toxic tort and class action cases. The primary firm attorneys responsible for this litigation — Stewart L. Cohen, Michael Coren, and Robert L. Pratter — have together more than a century of complex litigation experience, including many years representing the Commonwealth in other high stakes environmental and mass tort matters.

41. The expenses which the Firms have incurred in this case and to which they are entitled to reimbursement under the Agreement total to date more than $12,406,000 as of December 10, 2021. These expenses, which have been reviewed and approved by the Commonwealth as fair, reasonable and reimbursable, are the kind of costs that are necessarily incurred in complex cases like this one. Prior to the Kinder Morgan settlement, the Firms have received only $488,000 in expense reimbursement from the prior settlements in 2020. Having incurred over $12,406,000 in expenses to date, with more to come as this case proceeds,

reimbursement of expenses in the amount of $4 million pursuant to the Legal Services Agreement is clearly fair and reasonable.

## II. The Proposed Fee and Expense Reimbursement Conform to Pa RPC 1.5 (c)

42. The proposed fee and expense reimbursement conform to RPC 1.5 (c). That Rule allows contingent agreements "except where a contingent fee is prohibited by paragraph (d) or other law." In pertinent part, Paragraph 1.5(d) prohibits such arrangements only where the agreed fee "is clearly excessive for all legal services they rendered the client." The Firms have spent more than 64,610 hours and incurred more than $12,406,000 in advanced expenses in securing the eight-figure Kinder Morgan settlement. The fees and expense reimbursements which have been agreed to by the Commonwealth are clearly not "excessive."

## III. Conclusion

43. For all these reasons, the fee and reimbursable expenses requested here fully comply with Pennsylvania Rule of Professional Conduct 1.5(a) and (c) and should be confirmed by this Court.

**ACCORDINGLY**, the Firms respectfully request, and the Commonwealth supports, that the Court enter the Order attached as Exhibit A confirming that the proposed fee and expense reimbursement set forth herein with respect to the Kinder Morgan settlement conform to Pennsylvania Rule of Professional Conduct 1.5(a) and (c).

Respectfully submitted:

| BERGER MONTAGUE PC | COHEN, PLACITELLA & ROTH, P.C. |
|---|---|
| By: /s/ Tyler E. Wren<br>    Daniel Berger, Esquire<br>    Tyler E. Wren, Esquire<br><br>Special Counsel to the<br>Commonwealth of Pennsylvania<br>1622 Locust Street<br>Philadelphia, Pennsylvania 19103<br>(215) 875-3000<br>Email: twren@bm.net | By: /s/ Stewart L. Cohen<br>    Stewart L. Cohen, Esquire<br>    Robert L. Pratter, Esquire<br>    Michael Coren, Esquire<br><br>Special Counsel to the<br>Commonwealth of Pennsylvania<br>Two Commerce Square<br>Suite 2900, 2001 Market St.<br>Philadelphia, Pennsylvania 19103<br>(215) 567-3500<br>Email: scohen@cprlaw.com |

**MILLER & AXLINE, P.C.**

By: /s/ Michael Axline
    Duane Miller, Esquire
    Michael Axline, Esquire

Special Counsel to the
Commonwealth of Pennsylvania
1050 Fulton Avenue, Suite 100
Sacramento, California 95825-4225
(916) 488-6688
Email: maxline@toxictorts.org

EXHIBIT A

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **IN RE: METHYL TERTIARY BUTYL ETHER ("MTBE") PRODUCTS LIABILITY LITIGATION** | **Master File No. 1:00-1898** |
| **This document relates to:** | **MDL 1358** |
| *Commonwealth of Pennsylvania, etc. v. Exxon Mobil Corporation, et al*, | Hon. Vernon S. Broderick<br>Hon. Debra C. Freeman |
| Case No. 1:14-cv-06228 | |

### ORDER GRANTING PETITION TO CONFIRM ATTORNEYS' FEE AND REIMBURSABLE EXPENSES PAYABLE TO THE ATTORNEYS FOR PLAINTIFF COMMONWEALTH OF PENNSYLVANIA IN CONNECTION WITH ITS SETTLEMENT WITH THE <u>KINDER MORGAN DEFENDANTS</u>

The Petition to Confirm Attorneys' Fee and Reimbursable Expenses is granted and this Court confirms that the fee and expense reimbursements set forth in the Petition conform to Pennsylvania Rule of Professional Conduct 1.5(a) and (c) with respect to the Commonwealth's settlement with Defendants Coastal Eagle Point Oil Company, El Paso Merchant Energy-Petroleum Company, Kinder Morgan, Inc. and Kinder Morgan Transmix Company, LLC (collectively "Kinder Morgan").

IT IS SO ORDERED:

_____
HON. VERNON S. BRODERICK
UNITED STATES DISTRICT JUDGE

DATED: _____

# VERIFICATION

I declare under penalty of perjury under the laws of the United States of America and the Commonwealth of Pennsylvania that the foregoing is true and correct.

*/s/ Tyler E. Wren*
TYLER E. WREN

# PROOF OF SERVICE VIA FILE & SERVEXPRESS

*Commonwealth of Pennsylvania v. Exxon Mobil Corporation, et al.*,
United States District Court, Southern District of New York Case No. 14-cv-06228 (VSB)

I, the undersigned, declare that I am, and was at the time of service of the paper(s) herein referred to, over the age of 18 years and not a party to this action. My business address is 1818 Market St Suite 3600, Philadelphia, PA 19103.

On the date below, I served the following document on all counsel in this action electronically through File & ServeXpress:

Executed on March 11, 2022, at Philadelphia, Pennsylvania.

*/s/ Tyler E. Wren*
TYLER E. WREN