UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

In Re: Methyl Tertiary Butyl Ether ("MTBE")
Products Liability Litigation

This document relates to:

*Commonwealth of Pennsylvania v. Exxon
Mobil Corporation, et al.*, Case No. 14-CV-
6228 (VSB)

------------------------------------------------------------X

Case No. 14-CV-6228 (VSB)

Master File No. 00-CV-1898

MDL No. 1358

**<u>OPINION & ORDER</u>**

<u>Appearances</u>:

Duane C. Miller
Michael D. Axline
Miller & Axline, P.C.
Sacramento, CA

Yechiel Michael Twersky
Daniel Berger
Tyler E. Wren
Berger & Montague, P.C.
Philadelphia, PA

Stewart L. Cohen
Robert L. Pratter
Michael Coren
Cohen, Placitella & Roth, P.C.
Philadelphia, PA
*Counsel for Plaintiff Commonwealth of Pennsylvania*

James A. Pardo
Lisa A. Gerson
McDermott Will & Emery LLP
New York, NY
*Counsel for Defendants Exxon Mobil Corporation
and ExxonMobil Oil Corporation
on behalf of all Defendants*

<u>VERNON S. BRODERICK</u>, United States District Judge:

      Before me is Plaintiff's motion requesting that I issue a suggestion of remand to the

Judicial Panel on Multidistrict Litigation (the "Panel" or the "JPML") recommending that this

action be remanded for all purposes to the United States District Court for the Eastern District of Pennsylvania (the "Transferor Court"). (Doc. 904.) I previously denied Plaintiff's earlier motion for the same relief. *See In re Methyl Tertiary Butyl Ether ("MTBE") Prod. Liab. Litig.*, No. 14-CV-6228, 2019 WL 117302 (S.D.N.Y. Jan. 7, 2019) (*"Prior Remand Op."*). Because Plaintiff again fails to demonstrate good cause to warrant remand, Plaintiff's motion is DENIED.

## I.    <u>Factual Background and Procedural History</u>[1]

This consolidated multidistrict litigation ("MDL") relates to the alleged contamination of groundwater from various defendants' use of the gasoline additive methyl tertiary butyl ether ("MTBE") and/or tertiary butyl alcohol, a product formed by the breakdown of MTBE in water. *See In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, MDL No. 1358, 2015 WL 7758530, at *1 (S.D.N.Y. Dec. 1, 2015). In this case, the Commonwealth of Pennsylvania alleges that Defendants' use and handling of MTBE contaminated, or threatens to contaminate, groundwater within its jurisdiction. Familiarity with the underlying facts is presumed for the purposes of this Opinion & Order.[2]

Discovery in this case commenced in April 2016. (*See* Doc. 291.) On July 23, 2018, Plaintiff filed a motion requesting that I issue a suggestion of remand to the JPML recommending that this action be remanded for all purposes to the Transferor Court—that is, the Court from which this now-consolidated MDL case originated. (Doc. 401.) I denied the motion on January 7, 2019, based in part on the fact that non-site-specific discovery[3] had not been

---

[1] The following factual summary is presented for background purposes only; I make no findings of fact and reach no conclusions of law in Part I of my decision.

[2] A thorough recitation of the background facts related to this MDL is provided in United States District Court Judge Shira A. Scheindlin's decision *In re Methyl Tertiary Butyl Ether (MTBE) Prod.s Liab. Litig.*, 379 F. Supp. 2d 348, 364–67 (S.D.N.Y. 2005).

[3] "[T]he parties previously selected 75 'focus sites' on which discovery would be taken in this phase of the case. The parties refer to discovery on the focus as 'site-specific' discovery. Conversely, discovery taken on matters that are not specific to individual sites is referred to as 'non-site-specific' discovery." (Doc. 851 at 1 n.1.) "[T]he focus site

completed. *See Prior Remand Op.*, 2019 WL 117302, at *3.

Between November 2, 2020 and February 1, 2021, various Defendants filed Partial

Motions for Summary Judgment. (*See* Docs. 558, 578, 582, 597.) On January 17, 2022, Plaintiff

filed a motion to dismiss Defendant ExxonMobil's counterclaims and to strike its related

affirmative defense. (Doc. 817.) On May 6, 2024, I issued an Opinion & Order granting

Plaintiff's motion, granting in part one of Defendant ExxonMobil's partial-summary-judgment

motions, and denying the other summary-judgment motions. (Doc. 938.[4])

On November 2, 2022, Magistrate Judge Valerie Figueredo, to whom this case has been

referred for general pretrial matters, including discovery, issued Case Management Order 127A

("CMO 127A"), which: (1) set November 18, 2022 as the deadline for the parties to complete

expert discovery; (2) set the later of October 3, 2022, or 30 days after the close of expert

discovery, as the deadline for the parties to submit certain focus site interrogatories; (3) set the

later of November 2, 2022, or 30 days after the focus site interrogatory deadline, as the deadline

for Plaintiff to submit a second motion to issue a recommendation of remand to the JPML; and

(4) set the date 60 days after the issuance of my decision on the second remand motion—this

Opinion & Order—as the deadline for the parties to submit any additional motions for summary

judgment. (Doc. 892.)

Plaintiff filed the instant motion on January 18, 2023, (Doc. 904), along with a supporting

memorandum of law, (Doc. 905 ("Mem.").) Defendant ExxonMobil, on behalf of all

Defendants, filed its opposition on March 6, 2023. (Doc. 911 ("Opp'n").) Plaintiff replied on

April 3, 2023. (Doc. 917 ("Reply").) Following my Opinion & Order on Defendants' partial-

---

approach is . . . about taking the discovery necessary to test potentially dispositive issues and efficiently prepare a
manageable case for resolution." (Doc. 400 at 1.)

[4] *In re MTBE Prod. Liab. Litig.*, No. 14-CV-6228, 2024 WL 1994205 (S.D.N.Y. May 6, 2024).

summary-judgment motions and Plaintiff's motion to dismiss and in response to my direction, the parties submitted a joint letter reiterating their positions on Plaintiff's second remand motion. (Doc. 940 ("Ltr.").)

## II.    <u>Legal Standard</u>

The ultimate authority for remanding an action transferred for multidistrict litigation lies with the Panel itself.  *See* 28 U.S.C. § 1407(a).  The remand process is typically initiated when a transferee court recommends remand of an action to the transferor court by filing a suggestion of remand with the Panel.  R.P.J.P.M.L. 10.1(b).  Although the Panel is generally "reluctant to order a remand absent the suggestion of the transferee judge," *id.* at 10.3(a), the Panel may also remand an action upon its "own initiative" or "motion of any party," *id.* at 10.1(b).  "In considering the question of remand, the Panel has consistently given great weight to the transferee judge's determination that remand of a particular action at a particular time is appropriate because the transferee judge, after all, supervises the day-to-day pretrial proceedings."  *In re Baseball Bat Antitrust Litig.*, 112 F. Supp. 2d 1175, 1177 (J.P.M.L. 2000) (quoting *In re Holiday Magic Sec. & Antitrust Litig.*, 433 F. Supp. 1125, 1126 (J.P.M.L. 1977)); *see also In re Brand-Name Prescription Drugs Antitrust Litig.*, 264 F. Supp. 2d 1372, 1376 (J.P.M.L. 2003) ("A transferee judge's suggestion of remand to the Panel is an obvious indication that he has concluded that the game no longer is worth the candle (and, therefore, that he perceives his role under section 1407 to have ended).").  "In determining whether to issue a suggestion of remand to the Panel, the Court is guided by the standards for remand employed by the Panel."  *In re State St. Bank & Tr. Co. Fixed Income Funds Inv. Litig.*, No. 08-CV-5440, 2011 WL 1046162, at *3 (S.D.N.Y. Mar. 22, 2011) (internal quotation marks omitted).

If "pretrial proceedings have run their course," the Panel is obligated "to remand any

pending case to its originating court . . . an obligation that is impervious to judicial discretion."
*Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 34–35 (1997); *see also* 28
U.S.C. § 1407(a) (any action "transferred [to a multidistrict litigation] shall be remanded by the
panel at or before the conclusion of such pretrial proceedings to the district from which it was
transferred").  When "everything that remains to be done is case-specific," it does not necessarily
mean that "consolidated proceedings have concluded"; nevertheless, "the Panel has the
discretion to remand a case" at that point.  *In re Patenaude*, 210 F.3d 135, 145 (3d Cir. 2000);
*see also In re FedEx Ground Package Sys., Inc. Emp't Practices Litig.*, No. 3:05-MD-527, 2010
WL 415285, at *2 (N.D. Ind. Jan. 22, 2010) (quoting *In re Brand-Name Prescription Drugs
Antitrust Litig.*, 264 F. Supp. 2d at 1375) ("The plain language of section 1407 accords the Panel
discretion to remand cases before the conclusion of pretrial proceedings, and courts routinely
have read the statute in that flexible fashion.").  This is because "[i]t is not contemplated that a
Section 1407 transferee judge will necessarily complete all pretrial proceedings in all actions
transferred and assigned to him by the Panel, but rather that the transferee judge . . . will conduct
the common pretrial proceedings . . . and any additional pretrial proceedings as he deems
otherwise appropriate."  *In re Evergreen Valley Project Litig.*, 435 F. Supp. 923, 924 (J.P.M.L.
1977).

 "The Court's discretion to suggest remand generally turns on the question of whether the
case will benefit from further coordinated proceedings as part of the MDL."  *In re Merrill Lynch
Auction Rate Sec. Litig.*, No. 09-MD-2030, 2010 WL 2541227, at *2 (S.D.N.Y. June 11, 2010)
(internal quotation marks omitted).  "The transferee court should consider when remand will best
serve the expeditious disposition of the litigation."  Manual for Complex Litigation § 20.133 (4th
ed. Sept. 2024 update).  "Because the purpose of multidistrict litigation is for the convenience of

the parties and witnesses and to promote the just and efficient conduct of the cases, the decision

of whether to suggest remand should be guided in large part by whether one option is more likely

to insure the maximum efficiency for all parties and the judiciary." *In re State St. Bank & Tr.*

*Co. Fixed Income Funds Inv. Litig.*, No. 08-CV-5440, 2011 WL 1046162, at *4 (internal

quotation marks omitted).

An action can be remanded to its court of origin prior to the completion of pretrial

proceedings "only upon a showing of good cause." *In re Integrated Res., Inc. Real Estate Ltd.*

*P'ship Sec. Litig.*, 851 F. Supp. 556, 562 (S.D.N.Y. 1994) (quoting *In re S. Cent. States Bakery*

*Prods. Antitrust Litig.*, 462 F. Supp. 388, 390 (J.P.M.L. 1978)).  The party seeking remand bears

the burden of establishing that remand is warranted.  *See id.*  Because this case is not trial-ready,

I can only suggest remand if Plaintiff has carried its burden to demonstrate good cause.  *See id.*

(citing *In re CBS Color Tube Patent Litigation*, 342 F. Supp. 1403, 1405 (J.P.M.L. 1972)); *Wang*

*v. Bear Stearns Co.s, Inc.*, No. 11-CV-5643, 2013 WL 3479507, at *2 (S.D.N.Y. Jul. 10, 2013);

*In re Maxim Integrated Prods., Inc*., Misc. No. 12-244, 2015 WL 1757779, at *3 (W.D. Pa. Apr.

17, 2015).

### III.    <u>Discussion</u>

Plaintiff requests that I issue a suggestion of remand now because the case has progressed

since I denied the first remand motion in 2019, and Plaintiff "can now say with certainty" that

remanding the case would promote judicial efficiency.  (Mem. at 1.)  Specifically, Plaintiff notes

that since my prior remand decision, the parties have completed the "scheduled discovery" in

this case—which I interpret to mean non-site-specific and site-specific fact and expert discovery,

(Mem. at 5; *see also* CMO 127A; Doc. 557)—and that I have resolved the pending partial-

summary-judgment motions and the motion to dismiss, (Ltr. at 1).  Plaintiff argues that in light

of these developments in the case that the circumstances have changed and there is now good cause to remand.  I disagree.

As an initial matter, Plaintiff's motion is for early remand—that is, remand before the case is trial-ready.  The parties agree that the case is not ready for trial, as motions for summary judgment may still be filed, and additional discovery will likely take place before any of the focus sites proceed to trial as bellwethers.[5]  (Ltr. at 2–3 (Plaintiff's position); *id*. at 4, *id*. at 4 n.7 (Defendants' position).)  As Plaintiff concedes, (*see* Mem. at 8), it therefore must demonstrate that good cause exists for an early remand.  *In re Maxim*, 2015 WL 1757779, at *3.  I find that Plaintiff's arguments in support of remand do not amount to good cause.

As noted, the most significant differences between the posture of the instant motion and the prior motion are that I have resolved various motions and that scheduled discovery has concluded in the case.  However, neither of these developments warrants early remand.

First, my ruling on the motions is insufficient to warrant remand because the parties may, and likely will, (*see* Ltr. at 3 (Plaintiff's position); *id.* at 6 (Defendants' position)), still file motions for summary judgment, (*see* CMO 127A).  As I previously explained in denying the first motion for remand, it is more efficient for me to decide any forthcoming summary-judgment

---

[5] In a prior case in this MDL, Judge Scheindlin quoted from the Fifth Circuit to explain the concept of bellwether trials:

> The term bellwether is derived from the ancient practice of belling a wether (a male sheep) selected to lead his flock. The ultimate success of the wether selected to wear the bell was determined by whether the flock had confidence that the wether would not lead them astray, and so it is in the mass tort context.

> The notion that the trial of some members of a large group of claimants may provide a basis for enhancing prospects of settlement or for resolving common issues or claims is a sound one. . . . The reason for acceptance [of bellwether trials] by the bench and bar are apparent.  If a representative group of claimants are tried to verdict, the results of such trials can be beneficial for litigants who desire to settle such claims by providing information on the value of the cases as reflected by the jury verdicts.  Common issues or even general liability may also be resolved in a bellwether context in appropriate cases.

*In re MTBE (Suffolk Cnty.)*, MDL No. 1358, 2007 WL 1791258, at *1 (S.D.N.Y. June 15, 2007) (quoting *In re Chevron U.S.A., Inc.*, 109 F.3d 1016, 1019 (5th Cir. 1997)).

motions since, unlike the transferor Court, I am in a position to draw on my familiarity with the matter gained through many years of experience. *See Prior Remand Op.*, 2019 WL 117302, at *3. Thus, "retention of the instant action by [me] will serve the interests of 'conserv[ing] the resources of the parties, their counsel and the judiciary' by preventing duplicative discovery and judicial effort, and avoiding inconsistent rulings." *Id*. (quoting *In re Merrill Lynch*, 2010 WL 2541227, at *2). Relatedly, it does not matter that any summary-judgment motion in this matter may turn primarily on Pennsylvania-specific issues. (*See* Mem. at 15–16.) As Defendants point out, many of Plaintiff's claims sound in the common law, and I agree that the "[s]tate law on these claims is not so different that a decision in one case is irrelevant to, and will not inform, the parties in other consolidated cases." (Opp'n at 7.) Given this reality, it is prudent to retain the case so that I can leverage my experience to decide any further summary-judgment motions.

Second, the fact that "all scheduled discovery is now complete" also does not mean that remand is now appropriate. (Mem. at 10.) Plaintiff concedes that it is likely "some additional Pennsylvania focused discovery" must occur before trial.[6] (*Id*. at 11.) This Court has overseen discovery in each of the remaining consolidated matters in this MDL, and Plaintiff does not offer a persuasive explanation for why this case is sufficiently different to justify early remand. *See Prior Remand Op.*, 2019 WL 117302, at *3; *see generally In re MTBE Prods. Liab. Litig. (NJ)*, MDL No. 1358, 2017 WL 5468758, (S.D.N.Y. Nov. 13, 2017) (remanding trial-ready case following the completion of discovery). Plaintiff argues that the additional discovery will likely be case-specific, and it is true that the transferor Court may need to coordinate additional site-specific discovery. *See In re MTBE Prods. Liab. Litig. (NJ)*, 2017 WL 5468758, at *4

---

[6] In deciding the prior remand motion, I observed that "Plaintiff notes [that] even if common discovery has concluded, it may prove necessary at some point to update and supplement Pennsylvania-specific aspects of the common issues discovery." *Prior Remand Op.*, 2019 WL 117302, at *2 (citation omitted).

(explaining that "Judge Carney, who is presiding over the matter in the Transferor Court, has permitted other remanded parties to update the record with information developed subsequent to discovery cut offs, and to file any necessary motions based upon such information"). However, this "does not necessarily mean that consolidated proceedings have concluded" or that remand is appropriate. *Prior Remand Op.*, 2019 WL 117302, at *3 n.6 (quoting *In re MTBE Prods. Liab. Litig. (NJ)*, 2017 WL 5468758, at *2).

Plaintiff also contends that this case differs from others in the MDL because I have not decided whether or how this case will feature bellwether trials and therefore the scope of any additional discovery depends on the transferor Court's decisions in that regard. (*See* Mem. at 10–11.) However, as Defendants point out, this ignores that the practice of this MDL is to first ready the focus sites for trial—including, as relevant here, resolution of any summary-judgment motion and additional discovery—and then remand for trial. (*See* Opp'n at 11.) *See In re MTBE Prods. Liab. Litig. (NJ)*, 2017 WL 5468758, at *4 (remanding all trial-ready focus sites); *cf. In re N.Y.C. Mun. Sec. Litig.*, 572 F.2d 49, 51 (2d Cir. 1978) ("[T]he pretrial proceedings encompassed by [§] 1407 include summary judgment."); *In re Mirena Ius Levonorgestrel-Related Prods. Liab. Litig. (No. II)*, 249 F. Supp. 3d 1357, 1360 (J.P.M.L. 2017) (same).

I have already rejected the other reasons Plaintiff cites in support of remand. "The mere fact that pretrial proceedings have been concluded in some or most of the transferred cases does not justify remand of other cases initially transferred by the Panel." *Prior Remand Op.*, 2019 WL 117302, at *4 (citation omitted). In addition, the fact that the transferor Court eventually will need to familiarize itself with this case "cannot provide the required good cause to warrant remand of a case prior to the completion of pretrial proceedings." *Id*. (citing *In re Maxim*, 2015 WL 1757779, at *5).

Accordingly, I find that Plaintiff has failed to meet its burden to demonstrate good cause why I should issue a suggestion of remand for this case's remand to the transferor Court.

**IV.**    **Conclusion**

For the foregoing reasons, Plaintiff's motion is DENIED, and I decline to suggest that the Panel remand this action at this time.

In accordance with CMO 127A, the parties shall submit any additional motions for summary judgment by January 6, 2025.

The Clerk of Court is respectfully directed to terminate the pending motion at Doc. 904.

SO ORDERED.

Dated: November 7, 2024
      New York, New York

                          Vernon S. Broderick
                          United States District Judge