```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------- X
                                          :
                                          :
IN RE: Methyl Tertiary Butyl Ether        :
("MTBE") Products Liability Litigation    :   Master File No.
                                          :      1:00-1898
This Document Relates To:                 :      MDL 1358
Commonwealth of Pennsylvania v. Exxon     :
Mobil Corporation, et al., Case No.       :   14cv6228 (DLC)
1:14-cv-6228                              :
                                          :        ORDER
                                          :
----------------------------------------- X
```

DENISE COTE, District Judge:

This case is part of a consolidated multi-district litigation ("MDL") relating to the contamination of groundwater caused by releases of gasoline containing methyl tertiary butyl ether ("MTBE"). In this action, the Commonwealth of Pennsylvania ("Commonwealth") alleges that the defendants, which include dozens of gasoline manufacturers, distributors, and sellers, are liable for MTBE contamination in Pennsylvania's drinking water.

On June 11, 2025, the Court granted summary judgment on the negligent failure-to-warn claim for those gasoline manufacturers and suppliers who also owned or operated the Focus Sites during the time periods at issue in this case. In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig., No. 14CV6228 (DLC), 2025 WL 1658444, at *7 (S.D.N.Y. June 11, 2025) ("June 11 Opinion"). The June 11 Opinion explained that Pennsylvania law

does not impose upon a supplier a duty to warn itself or its employees. Id. Before doing so, however, the Court rejected more general attacks on the Commonwealth's failure-to-warn theory, including that the Commonwealth's expert had failed to identify with sufficient precision the content of any warning. Id. at *5. In connection with their motion, the defendants had listed 32 Focus Sites as well as the defendants who owned or operated those Sites during time periods relevant to the Commonwealth's claims. Id. The June 11 Opinion is incorporated by reference and familiarity with it is assumed.

Certain Defendants have now moved to apply the June 11 Opinion to 5 Focus Sites.[1] They contend that the plaintiff "continues" to assert claims against owners of sites subject to the June 11 Opinion.

The original motion for summary judgment included each of the Sites and defendants that are the subject of the instant motion. The Commonwealth's explanation for its refusal to accept that ruling fails.

The Commonwealth contends that the negligent failure-to-warn claim against these defendants survives since the

---

[1] The defendants originally moved with respect to 8 Focus Sites. Through this motion practice, however, the parties have narrowed the list of Sites subject to this motion to Focus Sites 1, 5, 6, 22, and 60.

2

defendants retained a duty to warn third parties, such as those who delivered gasoline to or serviced underground storage systems, consumers, or the public.  It is too late for the Commonwealth to make this argument.  It did not make it in opposition to the underlying motion for summary judgment or bring a motion for reconsideration of the June 11 Opinion in an attempt to preserve this argument.

In any event, the Commonwealth's argument overlooks the fact that it bears the burden of proving that a failure to warn was a "substantial" cause of any MTBE contamination.  Id. at *5.  It pointed to no evidence in opposition to either the underlying motion or the instant motion that a failure to warn any third party was a substantial cause of the MTBE contamination on which it brings suit.  To the extent it seeks to shift the burden to the defendants to disprove the Commonwealth's failure-to-warn theory, the effort must be rejected.

Therefore, the June 11 Opinion granted summary judgment on Pennsylvania's failure-to-warn claims brought against the defendant manufacturers and suppliers who owned these 5 Sites.[2]

---

[2] The plaintiff's October 29 motion to strike and alternative motion to file a sur-reply is denied; the defendants' reply appropriately responded to the Commonwealth's arguments in its opposition brief.

The defendants' September 12 motion is granted.

Dated:    New York, New York
          November 10, 2025

>                                    _____
>                                         DENISE COTE
>                                    United States District Judge