

**Y. MICHAEL TWERSKY**/*SHAREHOLDER*
**p.** 215.875.3052 **m.** 267.559.1436 | mitwersky@bm.net

February 27, 2026

<u>VIA ECF</u>

The Honorable Denise L. Cote
United States District Judge
U.S. District Court, Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Courtroom 18B
New York, NY 10007-1312

**Re:    *Commonwealth of Pennsylvania v. Exxon Mobil Corp., et al., No. 1:14-cv-06228***

   *Letter Explanation of Claims Requested in the February 24, 2026 Order.*

Dear Judge Cote,

   The Commonwealth submits this letter in response to the Court's February 24, 2026 Order directing it to "explain the reason/s to believe that any viable MTBE claims exist" at the sites for which it has not completed the September 9 spreadsheet.

   At most of the sites for which the Commonwealth has not yet completed the Phase II MTBE Release Site List, MTBE has been detected in groundwater. The Commonwealth's reasons for believing that viable MTBE claims remain at a significant number of the not-yet-reviewed sites include the continued presence of MTBE at a substantial portion of the sites already reviewed, including high concentrations at many of these sites. This indicates the same is likely to be true for many of the remaining sites.

   As of today, the Commonwealth has substantially completed the Phase II MTBE Release site list for over 4,000 sites for all three categories of information identified in the Court's September 9, 2025 Order: (1) the name and Facility ID number; (2) regulatory status; and (3) the date of the most recent sampling to detect MTBE in groundwater at the site and the concentration of detected MTBE ("MRM"). The Commonwealth is currently reviewing,

1818 MARKET STREET, SUITE 3600
PHILADELPHIA, PA 19103
215.875.3000 | *BERGERMONTAGUE.COM*



February 27, 2026
Page 2 of 4

analyzing, and inputting the MRM data for the remaining 1,252 sites and anticipates completing this work by April 14, 2026.[1]

As explained in prior correspondence, the Commonwealth is updating MRM information—when it is not available from previously obtained documents—using three primary sources: (1) USTIF records stored in USTIF's ImageRight document-management system; (2) DEP paper records maintained at the various DEP regional offices; and (3) electronic documents stored in DEP's OnBase system. The Commonwealth has substantially completed obtaining and recording MRM information for all sites with USTIF claims. With respect to sites requiring DEP regional office paper records, the Commonwealth has located and retrieved most of the relevant paper files and has entered MRM information for a substantial number of these sites. The Commonwealth is also in the midst of the difficult process of reviewing and analyzing the documents obtained from DEP's OnBase system.

Through significant efforts, the Commonwealth was able to obtain MRM information for the sites that had USTIF claims because the relevant documents were more readily retrievable through USTIF's ImageRight document-management system. By contrast, for most of the remaining sites the MRM data is believed—after thorough investigation—to be contained in documents stored in DEP's OnBase system, which—as the Commonwealth has explained—has presented significant technical retrieval issues. *See, e.g.*, Dkts. 1209, 1212, 1213. The fact that MRM information has not yet been entered for 1,252 sites without USTIF claims in no way suggests that the Commonwealth lacks viable MTBE claims; it simply reflects the greater difficulty in accessing the underlying data and populating the spreadsheet for sites with no USTIF claim.

More specifically, although the Commonwealth cannot seek past USTIF damages for sites where no USTIF claim has been allowed, the absence of such a claim does not limit its ability to pursue other categories of damages at those sites. Regardless of whether any given MTBE site ever had a USTIF claim[2] (and thus whether the Commonwealth was able to obtain MRM information more expediently), the Commonwealth seeks remediation and restoration damages for the cost of cleaning up sites that remain contaminated by Defendants' MTBE gasoline, as well as loss-of-use damages. This is entirely consistent with the Court's previous findings, including the following:

---

[1] The current draft of the Phase II MTBE Release Site List includes 5,281 sites, though this number remains subject to minor adjustment.

[2] One potential reason a site may lack a USTIF claim is that the USTIF program did not commence until 1994; thus, releases occurring before that year would not have been eligible, and related documents would not appear in USTIF's ImageRight system. A site may also lack a claim if the owner or operator did not submit one, or if a claim was improperly or untimely submitted and therefore denied.



- On May 6, 2024, the Court denied Defendants' motion for summary judgment as to natural resource damages, explaining that the Commonwealth's interest in its natural resources "support[s] its seeking damages owing to what, if any, 'pollution or material diminution' MTBE may have caused compared with how the waters in question were in their 'natural condition.'" *In re MTBE*, 2024 WL 1994205, at *8 (S.D.N.Y. May 6, 2024) (Broderick, J.) (quoting *Wheatley v. Chrisman*, 24 Pa. 298, 305 (1855)). The Court also confirmed that Defendants' compliance with Act 2 does not bar the Commonwealth from seeking restoration damages. *Id.* at *13–15.

- On May 22, 2025, the Court again held that a past administrative site closure by DEP does not, as a matter of law, estop the Commonwealth from seeking the full costs of remediating and restoring an administratively closed but still contaminated site. *See In re MTBE*, 2025 WL 1475495, at *3–5 (S.D.N.Y. May 22, 2025). The Court further recognized that regulatory and legislative actions taken by the Commonwealth to address an activity cannot be construed as the Commonwealth having assumed the risk of the resulting contamination. *Id.* at *5–6.

- Finally, as relevant here, on November 6, 2025, the Court denied Defendants' motion for summary judgment on the Commonwealth's request for remediation and restoration damages at eight focus sites. *See* Dkt. 1192 at 1–2. In doing so, the Court distinguished those eight sites—where the Commonwealth's expert had opined that additional remediation work was required—from sites addressed in a prior order that barred the Commonwealth from seeking investigative costs. *See also N.J. Dep't of Env't Prot. v. Amerada Hess Corp.*, 323 F.R.D. 213, 231–32 (D.N.J. 2017) (allowing restoration damages in New Jersey MTBE litigation).

Together, the Court's Orders from May 6, 2024, May 22, 2025, and November 6, 2025, demonstrate that, at this stage, the Commonwealth may proceed to Phase II on its claims for damages based on restoration and loss-of-use costs, regardless of whether a USTIF claim was ever filed.[3]

---

[3] While the Court found that the Commonwealth had not presented sufficient evidence at certain Phase I Focus Sites to pursue loss-of-use or investigative-cost damages, those rulings were based solely on the Phase I fact and expert discovery conducted for the selected Focus Sites. *See In re MTBE*, 2025 WL 1658427, at *9 (S.D.N.Y. June 11, 2025) (dismissing loss-of-use damages at certain Phase I Focus Sites for lack of expert testimony); *In re MTBE*, 2025 WL 1270541 (S.D.N.Y. Apr. 30, 2025) (dismissing investigative-cost claims at certain Phase I Focus Sites based on the expert opinions specific to those sites). The Commonwealth has not yet had the opportunity to conduct vital site-specific discovery for the Phase II Sites because, in 2018, the Court—at Defendants' request—adopted a site-specific

February 27, 2026
Page 4 of 4



With respect to deprioritization, the Commonwealth informed Defendants on February 13 that it is willing to deprioritize several categories of sites. *See* Exhibit A. In that letter, the Commonwealth explained that it intends to focus on sites where MTBE has been detected at or above 20 ppb in groundwater and on sites where MTBE has been detected at or above 2,000 ppb in soil. As such, the Commonwealth explained that it would deprioritize three categories of sites: (a) sites with at least one MTBE groundwater detection, but where *all* groundwater detections have been below 20 ppb; (b) sites with no MTBE groundwater detections at all, *and* which have never had soil MTBE detections at or above 2,000 ppb; and (c) sites with MTBE groundwater detections where the maximum MTBE groundwater detection in the most recent round of sampling (as recorded on the Phase II spreadsheet) is below 20 ppb *and* that have never had a USTIF claim.[4]

While the Commonwealth maintains that Defendants' MTBE contamination has caused injuries to its resources at those sites, it has agreed to deprioritize those categories of sites at this stage based on the Court's opinion about investigation costs, together with Pennsylvania's statewide health standards of 20 ppb for groundwater and 2,000 ppb for soil.[5]

The remaining sites that the Commonwealth will not list for deprioritization are sites for which the Commonwealth has USTIF damages and/or anticipates that, following Phase II discovery, its experts will be able to opine that further non-USTIF-related damages are available. These sites are appropriately part of Phase II and should be included in Phase II discovery because, apart from USTIF damages, the Commonwealth's claims for remediation, restoration, and loss-of-use damages at these sites remain legally viable in this case.

Respectfully submitted

Y. Michael Twersky

---

approach that resulted in the selection of the Phase I Focus Sites and related discovery. *See, e.g.*, ECF No. 434. The Court recently directed the Parties to present a plan for Phase II discovery by March 27, 2026.

[4] The Commonwealth has also agreed to remove—rather than merely deprioritize—any sites on the Phase II site list for which it is unable to confirm any MTBE contamination by April 14, 2026.

[5] In accordance with the Court's Order, the Commonwealth will preliminarily indicate to Defendants which sites should be deprioritized by March 6, 2026, and will update this list as remaining MRM data is added through the spreadsheet-completion deadline of April 14, 2026. Additionally, the Commonwealth continues to confirm data, and it is possible that data points for a few sites may need to be updated or corrected in the coming weeks.