# EXHIBIT A

Apr. 2, 2026, Hrg. Tr.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

THE COMMONWEALTH OF
PENNSYLVANIA,

Plaintiff,

v. 14 Civ. 6228 (DLC)(VF)

EXXON MOBIL CORPORATION,
*et al.*,

Hearing

Defendants.

------------------------------x

New York, N.Y.
April 2, 2026
2:30 p.m.

Before:

HON. DENISE COTE,

District Judge

APPEARANCES

COHEN, PLACITELLA & ROTH, P.C.
Attorney for Plaintiff
BY: DREW M. RENZI

PENNSYLVANIA OFFICE OF THE ATTORNEY GENERAL
Chief Deputy, Special Litigation
BY: NEIL F. MARA

MILLER, AXLINE & SAWYER
Attorneys for Plaintiff
BY: TRACEY L. O"REILLY
MOLLY McGINLEY HAN

BERGER MONTAGUE PC
Attorney for Plaintiff
BY: JORDAN C. HUGHES

hear me okay?

THE COURT: I can.

MR. HUGHES: Okay. Thank you.

I just want to clarify. The report you want within a week from the plaintiffs on the DEP files. Did I hear correctly you wanted a report explaining how the Commonwealth will retrieve the files, what processes will be required, what kinds of constraints are on the Commonwealth, and essentially what will be possible by July 31, and if more time is needed, how much more time. Would that be sufficient?

THE COURT: That's right.

MR. HUGHES: Okay.

THE COURT: If it can be one word or one sentence that we will meet the July 31 date, that's great. If there is more to be said and additional time to be asked for, then I want that explained.

MR. HUGHES: Understood, your Honor.

THE COURT: Thanks so much.

So, you go on vacation in August, and really you have all the information you need. So, clearly the fall can be used for clean-up or further requests for admission or whatever makes sense in this circumstance, and then we're off and running to expert discovery. We'll talk about a schedule for that. But I need to understand what an expert is going to be testifying to.

MS. O'REILLY: And you're asking, your Honor, about site-specific?

THE COURT: Yes. That's the only discovery we're undertaking.

MS. O'REILLY: Well, an expert testifies to -- in terms of site-specific, we have two experts: Marcel Moreau, who is an expert on underground storage tank releases, when they occur, how they occurred, potentially how much was released, where it was released, on the surface, the subsurface, in the ground water. That's one expert. And then there's Mr. Brown, who you're very familiar with. He testifies about what has happened at the site in terms of releases, when was there a release and how much might have been released, where the MTBE has gone, has it been cleaned up, is it in ground water, is it off site rather than on site, and what has been done to, what we call, characterize that site and identify if there is additional work to be done, and that's Mr. Brown.

Mr. Moreau's report does not necessarily require the review of everything in the USTIF and DEP files, he focuses on the tanks. DEP file and tank history information is more important to him, and he may be able to bring his reports forward on a more accelerated timeline.

Mr. Brown's reports require the review of sometimes very voluminous data tables and information, maps. We have to look at here's the well, what's the data in that well, where's

that well or ground water sample in relation to the tanks, in relation to other samples.

So, looking at the schedule in terms of experts, Mr. Moreau's could go earlier, Mr. Brown's we may need additional time.

I also have not had the opportunity to determine if he has other trials going on or has other work going on in the next few months, because obviously the parties did not agree on a schedule.

THE COURT: So, with respect to Mr. Brown's expert reports, it'll be his opinion per site based on his review of data within the three sets of files that have been produced hopefully by the end of July.

MS. O'REILLY: Correct.

THE COURT: So, again, not knowing the number of sites, but hopefully we will know roughly that number within a week, it would permit you to understand how long he would need. But again, he principally relied on the USTIF file if there was one, and if there wasn't a USTIF file, the DEP file; is that right?

MS. O'REILLY: He relied on all the data. Sometimes from defendant's files, sometimes from USTIF files, sometimes from DEP files. I personally took all the expert depositions and defended all the expert deposition, and I can tell you that sometimes there's a report and there's a data table and that

table turns out to not go with that site for whatever reason, how that was copied or it was put that way. So, it's not just simply cut and paste, it's sometimes the data is not there or it's not correct and it takes some time to sort that out.

THE COURT: But once you know which sites you're going to be pursuing, you can get him the USTIF files for those sites within the next few weeks.

MS. O'REILLY: I believe that would be correct. I would say I want to make sure that they're in a format that we can export to him that he can easily use, but I think we could get him the USTIF files fairly quickly.

THE COURT: Okay. This is April. So, he could begin his work in May using the USTIF files for X number of sites that you're going -- well, you know you're going to pursue all the USTIF sites, so that's not work that is unnecessary. And the issue is how many additional sites -- and, again, we don't know that number today -- where there was -- it's a non-USTIF site where you're going to be pursuing restoration damages and he will need -- will there be a DEP file for it?

MS. O'REILLY: There may be. There may be a DEP file for those sites. Particularly if there isn't a USTIF claim, then there would only be a DEP file for that site.

THE COURT: Okay. And again, you don't know how many sites those are.

MS. O'REILLY: Correct, your Honor. But I think we

can confer on expert discovery. I think all sides need to confer, because they have experts who have schedules in other trials, and I think getting us started on fact discovery would still move this case forward, and we can confer and come back to you and say, here's the expert schedule that we think works after we've conferred about the amount of data and the schedules of our experts. A lot of our experts are, right now, working on reports in the Maryland MTBE case. We're right in the middle of expert discovery on that case. I'm managing that discovery. So, I think it would be more useful for the parties to talk together and try to work out a schedule and come back to you if we can't work out a schedule.

THE COURT: I think we're just going to do that now.

MS. O'REILLY: Okay.

THE COURT: That's why we're together. It's a big effort to get together. We don't want to have lots of conferences needlessly.

So, we'll have a fact discovery cutoff date of December 1. And it looks like I'm just going to sketch out what I think is reasonable here. For January 15, for plaintiff's expert reports with respect to all USTIF sites. And we'll say February 12 plaintiff's expert reports for the non-USTIF sites. Now, I understand for a USTIF site, we may be seeking remediation damages as well.

MS. O'REILLY: Correct.

THE COURT: But there will be some sites where there is no USTIF claim. You're only seeking remediation damages, so we'll make that February 12.

MS. O'REILLY: That's correct, your Honor. Thank you.

THE COURT: Great.

And how long do the defendants need to respond to the plaintiff's expert reports? Let's talk about the USTIF reports first.

(Counsel confer)

MR. PARDO: I'm sorry, your Honor. One moment.

(Counsel confer)

MR. PARDO: So, your Honor, Jim Pardo.

THE COURT: Sixty days?

MR. PARDO: Well, it depends on how many sites we're dealing with; right? Which would translate into how many reports we're dealing with. I was just reminded that in Maryland, I guess we had four months for 50 sites. I know that's not something that's going to fly here, we're going to move faster. I get it. But I would think we need at least -- you know, this could be thousands of sites. We hope not. Hopefully in a week or two we're going to find out it's much, much less. But assuming it's --

(Counsel confer)

MR. PARDO: We asked for five months in our proposal to the Court, so I guess I'm going to say we need five months.

THE COURT: So, it was roughly a year ago I was looking at these reports.

MR. PARDO: I think that's right, your Honor.

THE COURT: I should have brought some to the courtroom so I have this visual recollection. So, my recollection is of the plaintiff's reports. I'm not having a strong visual recollection of the defendant's expert reports. Describe what they entail, because the plaintiff's expert reports, as I remember, had sections, somewhat formulaic -- and that's not a criticism, that was helpful -- and had historical information, test data information, you know, it described the site and -- I'm not doing this in order. It described the site first, then it had a chronology, and then it had testing data, and then there was some analysis. And wasn't there also a related spreadsheet that answered a set of questions, sometimes yes/no, sometimes with some commentary, a narrative answer?

MS. O'REILLY: Perfect, your Honor. Yes, exactly.

THE COURT: Okay. So, I don't have a visual recollection of the defendant's expert report.

MS. GERSON: Lisa Gerson, your Honor.

Fairly similar in the outset: Description of the site, a little bit of the history. I guess, from what I'm remembering, the basic difference is that that chart you're remembering of Mr. Brown's opinions -- there was, you know, 17, 18 opinions, yes no -- our expert kind of took that chart and

had a rebuttal to those opinions. So, again, some info sections about hydrogeology, local site conditions, history, and then a rebuttal to Mr. Brown. That is our primary site-specific report.

THE COURT: So, the first sections of the defense expert report, to the extent it's a USTIF site, the defendant expert can start on right now -- right now being next month -- because there's only a small part of this report that is commentary on what the plaintiff found.

MS. GERSON: I don't know if I'd characterize it as small, but I do agree that there is work that our experts can do with the files. Obviously, I think the USTIF files are being updated with most current information, which I think you understand from our discussions is important to us, but there is work that can be done before we have their experts' opinions.

THE COURT: Okay. So, the plaintiff's expert on USTIF sites is going to have almost nine months to prepare their reports. On the non-USTIF sites where the only plaintiff's information comes from the DEP files, those files will be produced on a rolling basis with the final production being by July 31, hopefully. Is six-and-a-half months -- I'm going to change the plaintiff's expert report on the non-USTIF sites to the end of February. February 26.

Obviously, the defense experts will have the files on

the same schedule as the plaintiff's experts. Able to do a lot of the preliminary work with respect to their expert reports per site, but will need time to do their responsive or commentary sections. Sometimes they'll agree with the plaintiff's experts' opinions, sometimes they'll disagree. So, I'll add four months in each case for the defendant's responsive reports. So, that's May 14, and July 2.

Everybody is working hard in July looking at the productions and thinking about the case and they're on vacation in August, and then they're taking depositions in September and October. And so expert discovery is concluding October 29. And then, then the joy, the joy of summary judgment practice. And we're moving into Thanksgiving.

Okay. So, the summary judgment motion is due December 17. And I'll work out dates for you, but opposition will be at the end of January, with reply the end of February. And I'll get out a scheduling order with more precise dates.

Meanwhile, when did you last see your mediator?

MS. HAN: Molly Han, your Honor.

Your Honor ordered mediation last year and there were some initial mediation sessions with most but not all defendants. And there have been maybe three or four defendants who have settled since then. They did not settle at those sessions. So, that's pretty much the extent of those mediation sessions.