BERGER | MONTAGUE

Y. MICHAEL TWERSKY/SHAREHOLDER
p. 215.875.3052 m. 267.559.1436 | mitwersky@bm.net

October 9, 2026

Hon. Denise L. Cote
United States District Court
Southern District of New York
500 Pearl Street, Room 18B
New York, NY 10007

Re: ***Commonwealth of Pennsylvania v. Exxon Mobil Corp., et al.*****, No. 14-cv-06228**
Response to Defendants' Request for a Status and Discovery Conference (ECF No. 1278)

Dear Judge Cote:

The Commonwealth writes in response to Defendants' October 5 letter and in advance of the upcoming conference. Consistent with the Court's direction to narrow this case (Apr. 2, 2026 Conf. Tr. ("Tr.") 38:16–39:18), the Commonwealth has been streamlining fact and expert discovery.[1] The principal dispute is Defendants' attempt to limit the Commonwealth to two Phase II experts, a restriction that would be both prejudicial and inconsistent with the Phase II Scheduling Order. The Commonwealth also respectfully requests a modest one-month extension of certain deadlines.

## 1. Phase II Site List

### *A. Phase II Stipulation*

The Commonwealth will finalize the stipulation and its exhibits by October 15, 2026, so no dispute remains. The Commonwealth rejects, however, any suggestion that it has delayed or that the stipulation's timing affects discovery. With a few exceptions, the sites to be dismissed by the stipulation were already excluded from the April 14, 2026 Phase II Site List: those where MTBE has never been detected, has been detected only in soil, or has never been detected in groundwater at or above 20 ppb. *See* ECF No. 1235 ¶ 3. Likewise, the stipulation's limits on restoration damages at Sites where the most recent MTBE detection in groundwater is below 20 ppb add little, since the Court's July 31 ruling barred such damages at Sites with an MRM of 20 ppb or less even where historical detections exceeded 2,000 ppb. ECF No. 1273.

### *B. DEP Files*

The April 3 and May 19 Orders addressed the timing of producing existing DEP files. ECF No. 1235 ¶¶ 2, 5; ECF No. 1255. The Court required that "all DEP files for non-USTIF Sites" be produced by July 31, and barred damages where a file is "not produced in digitized form" by that date. ECF No. 1255 at 1–2. The Commonwealth understands the May 19 Order to enforce a production deadline for existing files, not to address Sites where DEP searched for but could not locate a file, or for which no site file exists.

To meet the Court's deadline, the Commonwealth performed an extensive search for both digitized files in DEP's OnBase database and paper files across DEP's six regional offices. The search combined an

[1] The Commonwealth has also agreed to remove state-owned and state-operated sites from the Phase II Site List.

automated OnBase search and searches coordinated with each regional office; identified paper files were scanned by DEP or outside vendors. To ensure that its search was comprehensive, the Commonwealth also conducted an additional quality assurance/quality control review in July, which resulted in the identification and production of additional files. ***In all, the Commonwealth produced approximately 8.85 million pages of DEP site files between January and July 31, 2026.***

The parties' ongoing dialogue shows why conferral, not Court intervention, is the appropriate next step. Of the 52 Sites Defendants identified as lacking a DEP site file, the Commonwealth demonstrated that it had produced files for 21. While Defendants are still assessing that response, they appear to dispute only five of those 21. ECF No. 1278 at 2 & n.2. The Commonwealth is also reviewing other Sites for which no file was produced and will complete this review by October 30. Any dispute remaining after conferral can be promptly raised with the Court by letter, consistent with the Court's practice. Tr. 47:16–20.

**2. Phase II Expert Discovery**

*A. Defendants' Attempt to Limit the Commonwealth to Two Phase II Experts Is Improper*

Under the Court's Scheduling Order, the Commonwealth's first set of Phase II expert disclosures is due January 15, 2027. ECF No. 1235 ¶ 7 ("Plaintiff's expert reports and disclosure of expert testimony conforming to the requirements of Rule 26(a)(2)(B), Fed. R. Civ. P., must be served by January 15, 2027 for any Site for which the plaintiff seeks damages that include USTIF damages ('USTIF Site')."). The Commonwealth has relied on that Order and its deadlines in preparing for Phase II. Defendants' request to exclude experts not disclosed during the April 2, 2026 conference is thus improper and highly prejudicial. To assist the Court in setting a Phase II schedule, counsel generally described the work of the Commonwealth's two key Phase I site-specific experts to estimate the time potentially needed for their Phase II site-specific reports. Tr. 64:5–65:9. Counsel also referred to "the schedules of our experts" and noted that "[a] lot of our experts" were then working on another MTBE matter, and suggested that the parties confer on an expert schedule. Tr. 66:25–67:12. The Court then entered the Scheduling Order setting deadlines for reports and disclosures under Rule 26(a)(2)(B). ***That Order contains no limit on the number, type, or identity of experts the Commonwealth, or Defendants, may retain in Phase II.*** ECF No. 1235 ¶¶ 7–8. ***Nor did the Order require the parties to designate experts before their reports were served.***

Defendants shared this understanding. In their August 20, 2026 conferral email, Defendants acknowledged that "the Court has not yet set a deadline for the designation of the parties' site-specific experts" and Defendants proposed that the Commonwealth designate "***each*** of its Phase 2 site-specific experts" by September 30. Ex. A (emphasis added). That proposal would have been unnecessary had Defendants actually believed that the Commonwealth was limited to designating only Mr. Brown and Mr. Moreau.

A month after that email, and nearly six months after entry of the Scheduling Order, Defendants for the first time suggested that the Commonwealth was limited to two experts in Phase II. That is wrong. The Commonwealth has never waived its right to designate or call any Phase II expert, whether at the April 2, 2026 conference or at any time since. It is improper and prejudicial for Defendants to seek what amounts to a sanction based solely on a general discussion about scheduling. The Commonwealth did not intend

that colloquy as a waiver of its right to present experts, and the Scheduling Order reflects all parties' understanding at the time that experts had not yet been designated by any party.

*B. The Commonwealth's Phase II Expert Approach Achieves the Court's Goal of Streamlined Discovery*

The Commonwealth's Phase II expert approach is intended to achieve the Court's stated goals through a more efficient and streamlined process, which would not be possible if the Commonwealth were limited to two site-specific experts for all of Phase II. Phase I involved 75 Focus Sites; Phase II involves hundreds of Sites with available restoration damages even after the Court's rulings.

It is not feasible to prepare full site-specific reports for every Site with available restoration damages by the January 15, 2027 (USTIF Sites) and February 26, 2027 (non-USTIF Sites) deadlines. ECF No. 1235 ¶¶ 7–8. Consistent with the Court's direction that Phase II proceed efficiently, the Commonwealth intends to use a streamlined process for establishing restoration damages. That process combines site-specific reports by Mr. Brown and Mr. Moreau for a subset of Phase II Sites with additional expert testimony applying those site-specific opinions and conclusions to the remaining Phase II Sites.

The Commonwealth anticipates that Mr. Brown and Mr. Moreau can complete their site-specific reports for a first tranche of 75 Sites by January 15, 2027, and for approximately 20 additional Sites by February 26, 2027.[2] Because this streamlined approach contemplates using statistical analysis for restoration damages, the current schedule's distinction between USTIF and non-USTIF Sites is less meaningful for these reports. The Commonwealth therefore respectfully suggests that two tranches, which are not based on that distinction, would be more efficient.

The Commonwealth's remaining reports are anticipated to include a report by a statistical expert applying the conclusions of Mr. Brown and Mr. Moreau to remaining Phase II Sites with restoration damages, taking full account of the Court's rulings on which Sites have such damages.[3] The Commonwealth may also retain experts on other subjects, including DEP oversight costs and USTIF damages. The oversight-cost expert would address any issues identified with respect to oversight costs at the Phase I Focus Sites.

Finally, although not required to do so, the Commonwealth has agreed to designate its currently anticipated Phase II experts, and the general subject matter of their testimony, by October 19. Given the scope of Phase II and the proceedings in Phase I, however, the Commonwealth is still evaluating two additional experts relating to the Commonwealth's costs and anticipates identifying them within a few weeks thereafter. Defendants will then have approximately three months before the Commonwealth's first reports are due, and four more months after each tranche of reports is served, to respond. ECF No. 1235 ¶¶ 7–8. That is ample time for Defendants to retain any responsive experts and prepare rebuttal reports.

**3. <u>Request for a Modest Extension of Expert Deadlines</u>**

Because the statistical analysis builds on Mr. Brown's and Mr. Moreau's completed site-specific reports, it necessarily follows them in sequence. The Commonwealth therefore respectfully requests that its

---

[2] Mr. Moreau may not prepare a report for every Site in each tranche.
[3] Defendants, of course, may later challenge the admissibility of any of the Commonwealth's expert testimony.

remaining Phase II expert reports be due on March 26, 2027, one month after Mr. Brown's and Mr. Moreau's second tranche, with the corresponding later deadlines extended by one month. This modest adjustment reflects the sequencing of the analysis, not the number of experts: preparing individual site-specific reports for every remaining Site would take far longer. As noted above, the Commonwealth also respectfully requests that Mr. Brown's and Mr. Moreau's two tranches be organized by number of Sites rather than by USTIF and non-USTIF status. The current and proposed deadlines are set forth in the proposed revised schedule attached as Exhibit B. The proposed schedule keeps Phase II expert discovery manageable for all parties. This is the Commonwealth's first request to extend the Phase II expert deadlines, and it seeks a short one-month extension.[4]

**4. <u>Disclosure of Sites for Expert Reports</u>**

In addition to its October 19 expert designations, and although the Scheduling Order does not require it, *see* ECF No. 1235 ¶¶ 7–8, the Commonwealth will identify by October 30 the Sites for which Mr. Brown and Mr. Moreau will prepare site-specific reports. By November 16, it will identify the Sites to be addressed by its other experts.

**5. <u>Status of Phase II Discovery of Defendants</u>**

Defendants produced their Site Files by July 31, 2026, except Defendant Guttman, which represented that it has no responsive documents. The Commonwealth has served Phase II discovery requests and has received responses from Hess Corporation, Gulf Oil, Cumberland Farms, Pennzoil, and the Sunoco Defendants. The Commonwealth is reviewing those responses and will meet and confer regarding any deficiencies. The BP Defendants, Chevron, Texaco, TRMI-H, Guttman, and the Shell and Motiva Defendants requested extensions to respond to discovery, to which the Commonwealth consented; their responses are due in October. ExxonMobil's responses are due October 21. Getty Properties, served on August 21, failed to provide timely responses, which remain outstanding as of the time of this filing, although it represented that it would make its "best effort" to do so by October 9. The Commonwealth's position is that Getty has waived any objections. *See* Fed. R. Civ. P. 33(b)(4).

The Commonwealth appreciates the Court's attention to these matters.

Respectfully submitted,

Y. Michael Twersky
Berger Montague PC
*Special Counsel to the Commonwealth of Pennsylvania*

---

[4] The Commonwealth is planning to proceed with its statistical analysis even if the requested extension is not granted. It respectfully submits, however, that this modest, one-time extension will allow it to complete Phase II expeditiously and present its case consistent with the Court's prior rulings. Although the Commonwealth advised Defendants on September 30 that it intended to seek an extension, the parties have not yet conferred on it because the Commonwealth intended to raise it with Defendants before seeking relief. Given Defendants' letter and the scheduled conference, the Commonwealth has included the request here, and it will attempt to confer with Defendants before the conference.