BERGER | MONTAGUE

Y. MICHAEL TWERSKY/*SHAREHOLDER*
p. 215.875.3052 m. 267.559.1436 | mitwersky@bm.net

October 15, 2026

VIA ECF

Hon. Denise L. Cote
United States District Court
Southern District of New York
500 Pearl Street, Room 18B
New York, NY 10007

Re: ***Commonwealth of Pennsylvania v. Exxon Mobil Corp., et al.*, No. 14-cv-06228**
Response to Defendants' October 14, 2026 Letter (ECF No. 1285)

Dear Judge Cote:

To the extent leave is required, the Commonwealth respectfully requests leave to respond briefly to the new arguments in Defendants' October 14 letter.

***First*, the Commonwealth was never limited to two experts.** The April 2 colloquy addressed scheduling, and counsel referred to "the schedules of our experts." Tr. 66:25–67:12. The Scheduling Order sets no limit on the number of experts and calls for "disclosure of expert testimony conforming to the requirements of Rule 26(a)(2)(B)" by January 15 and February 26, 2027. ECF No. 1235 ¶¶ 7–8. Under Rule 26, a testifying expert's identity is *disclosed* at the time the expert's written report is served. Fed. R. Civ. P. 26(a)(2)(A)–(B), (D); *see also Harrison v. Inc. Vill. of Freeport*, 498 F. Supp. 3d 378, 386 (E.D.N.Y. 2020) (party "must submit a written report that discloses the expert witness to the opposing party"). Defendants understood this. Their August 20 email acknowledged that "the Court has not yet set a deadline for the designation of the parties' site-specific experts" and proposed that the Commonwealth designate "*each* of its Phase 2 site-specific experts," and their September 9 letter asked which sites "Anthony Brown, *or any other Commonwealth expert*," would address (emphases added).

Defendants effectively seek a preclusion sanction before any deadline has been missed. Rule 37(c)(1) applies only where a party fails to disclose a witness "as required by Rule 26(a)," ***and here no expert disclosure is even due yet.*** Even an untimely disclosure does not warrant preclusion where it is substantially justified or harmless, and the timing here is plainly harmless: the first reports are three months away, and Defendants will have four more months to respond. Tr. 71:6–7; Fed. R. Civ. P. 37(c)(1); *see also In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 2025 WL 1802952, at *4 (S.D.N.Y. June 30, 2025) ("[T]he prejudice . . . in stripping [a party] of the opportunity to have a damages opinion is much more severe . . . ."); *Harrison*, 498 F. Supp. 3d at 387 ("[P]recluding testimony . . . is a drastic remedy that should only be applied in cases where the party's conduct represents flagrant bad faith and callous disregard of the federal rules." (citation omitted)). Defendants offer no evidence of bad faith or callous disregard of the Court's deadlines or the Rules. To the contrary, although neither the Scheduling Order nor the Federal Rules require it, the Commonwealth will designate its currently anticipated Phase II experts and the general subject matter of their testimony on October 19, *nearly three months* before the first report deadline, with two cost experts to follow shortly. ECF No. 1282 at 3. It will also identify the

Sites for Mr. Brown's and Mr. Moreau's reports by October 30, and for its other experts by November 16. *Id.* at 4.

***Second*, every Site for which the Commonwealth seeks restoration damages will be addressed within a timely expert report,** either in a site-specific report by Mr. Brown and/or Mr. Moreau or in the statistical report applying their site-specific conclusions. USTIF damages and oversight costs may be addressed by other designated experts. The April 2 schedule was set "not knowing the number of sites" (Tr. 65:15–16), and Defendants warned that "this could be thousands of sites" (Tr. 68:20).

***Third*, no pre-approval of a damages methodology is required.** Nothing in the Federal Rules or the Scheduling Order requires a party to obtain the Court's permission before presenting an expert methodology to prove damages, and Defendants cite no authority for such a requirement. Phase II "includes thousands of remaining Sites." *In re MTBE Prods. Liab. Litig.*, 2026 WL 2212844, at *1 (S.D.N.Y. July 31, 2026). If Defendants contend that the Commonwealth's approach is improper, then the appropriate remedy is to file a *Daubert* motion challenging the allegedly improper opinions. There is no authority for challenging the admissibility of expert opinions before reports are even served.

***Fourth*, there is no inconsistency with the Commonwealth's summary judgment opposition.** ECF No. 1260 argued that Defendants could not obtain summary judgment over entire categories of Sites based on a single criterion (the MRM) and a single example site, before any site-specific discovery. *Id.* at 11, 17. It did not argue that an expert may never apply conclusions drawn from a body of site-specific reports. Indeed, the Court itself applied Mr. Brown's testimony across 623 Phase II Sites in granting summary judgment based on a single exemplar Site selected by Defendants. *In re MTBE*, 2026 WL 2212844, at *6.

***Fifth*, Defendants are not prejudiced.** The statistical analysis is expected to rely on site data already produced and should not require additional fact discovery. Nor is it "incredulous" that the Commonwealth seeks a single additional month. ECF No. 1285 at 3. A one-month adjustment, with every response period preserved, prejudices no party.[1]

The Commonwealth respectfully requests that the Court deny Defendants' requests and grant the modest extension proposed in ECF No. 1282. The Commonwealth looks forward to discussing these issues with the Court at the October 19 conference.

Respectfully submitted,

Y. Michael Twersky

[1] Defendants' reliance on a 2018 hearing about how to structure Phase I discovery is misplaced. They have long known of the Commonwealth's interest in a statistical approach, *see* Oct. 13, 2020 Conf. Tr. at 86–87 (focus-site approach "much, much more burdensome"; case "could be presented through the use of statistical evidence"), and the focus-site process was always "without prejudice to any party suggesting an alternative structure for later discovery and/or trial." CMO No. 121 § IV, ECF No. 291. The focus-site debate is now moot: Phase II is "the final discovery period for any claims the plaintiff wishes to pursue." Apr. 2, 2026 Tr. 6:17–19. And Defendants argued in 2018 that "there is no need to decide . . . trial structure now." ECF No. 414 at 3. The Commonwealth's approach concerns how damages will be proven, not trial structure; any challenge belongs in a *Daubert* motion.

BERGER MONTAGUE

Berger Montague PC
*Special Counsel to the Commonwealth of Pennsylvania*

cc: All counsel of record (via ECF)