McDermott Will & Schulte

James A. Pardo
Attorney at Law
jpardo@mwe.com
+1 212 547 5353

November 6, 2026

**VIA ECF**

Hon. Denise L. Cote
United States District Court
Southern District of New York
500 Pearl Street, Room 18B
New York, NY 10007

Re: ***Commonwealth of Pennsylvania v. Exxon Mobil Corporation, et al.*, No. 14-cv-06228**

Dear Judge Cote:

On behalf of Defendants, I write to report on a proposed schedule for motion practice addressing Plaintiff's statistical extrapolation approach. In addition, I write to briefly address two other issues that have come up since the October 19 conference.

1. Proposed Schedule for Motion Practice (including Statistical Extrapolation)

Your Honor directed the parties to confer about a briefing schedule for motion practice on Plaintiff's proposed use of statistical extrapolation. *Conf. Tr.* at 28:23-29:16, 32:7-12; ECF No. 1288. Defendants are pleased to report that the parties have reached agreement on most (but not all) of that schedule. As for where the parties agree, the following is jointly proposed for the Court's consideration (proposed dates are in bold and existing dates set by the Court are included for context):

| Event | Proposed Deadline | Comment |
|---|---|---|
| Plaintiff's Site-Specific Expert Reports (other than Dr. Braun) | Jan. 15, 2027 | Unchanged from current schedule |
| Plaintiff's Site-Specific Report for Dr. Braun | Feb. 26, 2027 | Unchanged from current schedule |
| Defendants' Expert Reports Responsive to Pl.'s January 2027 Reports | May 14, 2027 | Unchanged from current schedule |
| Defendants' Expert Reports Responsive to Dr. Braun | **June 15, 2027** | Accelerated from current schedule (July 2, 2027) |
| Completion Date for Depositions of Plaintiff's Experts Relied on for Statistical Extrapolation | **July 9, 2027** | New date |
| Opening Briefs on Statistical Extrapolation Approach | **July 27, 2027** | New date |
| Opposition Briefs on Statistical Extrapolation Approach | **Aug. 24, 2027** | New date |
| Reply Briefs on Statistical Extrapolation Approach | **Sept. 14, 2027** | New date |

While the Court directed the parties to present a schedule with such motions fully briefed by September 7, 2027, both sides respectfully request a one-week extension of that date. This additional week will permit the parties sufficient time for the relevant deposition(s) to occur after reports are submitted by both sides.

In addition to the above schedule, the parties conferred about the scope of briefing on Plaintiff's proposed statistical extrapolation approach. Subject to the Court's approval, the parties agree that such briefing should include, at minimum, (1) a Rule 702 motion specifically directed to Dr. Braun's opinions, and (2) separate briefing on other legal issues and challenges to the use of statistical extrapolation (*e.g.*, constitutional due process).[1] In addition, because Defendants do not yet know how Plaintiff intends to pursue statistical extrapolation, the parties propose that after Dr. Braun's report is served in February 2027, both sides will promptly confer about whether any other Plaintiff expert(s) on whom Dr. Braun relies also should be the subject of early deposition and Rule 702 motion practice. Any disputes that arise on that issue will be promptly brought to the Court's attention so that the same briefing schedule (assuming it is approved by Your Honor) will apply to all motions the Court permits.

Where the parties are not in agreement, with respect to the schedule, concerns other *Daubert* motions. Specifically, Defendants note that the Court's post-conference Order (ECF No. 1288) is not limited to Plaintiff's proposed statistical extrapolation approach but, instead, more broadly requested a "proposed schedule to govern *Daubert* motion briefing in this case[.]" *Id.* Defendants presume this was intentional and, therefore, include in our proposed schedule dates for any other *Daubert* motion(s) the parties may wish to file with the Court. We have revised the existing Pretrial Scheduling Order schedule for summary judgment briefing to accommodate the inclusion of this additional *Daubert* briefing:

| Event | Proposed Deadline | Comment |
|---|---|---|
| Completion of Expert Depositions | Oct. 29, 2027 | Unchanged from current schedule |
| Opening Briefs on all other Rule 702 Motions | **November 12, 2027** | New date |
| Opposition Briefs on all other Rule 702 Motions | **December 1, 2027** | New date |
| Reply Briefs on all other Rule 702 Motions | **December 10, 2027** | New date |
| Opening Summary Judgment Briefs | **February 1, 2028** | Revised from current schedule (Dec. 17, 2027) |
| Opposition Summary Judgment Briefs | **March 8, 2028** | Revised from current schedule (Jan. 29, 2028) |
| Reply Summary Judgment Briefs | **April 7, 2028** | Revised from current schedule (Feb. 26, 2028) |

A complete version of Defendants' proposed schedule, with these additional dates, is presented at the end of this letter. To be clear, Plaintiff has not agreed to additional Rule 702 briefing or the proposed dates.

[1] The parties agree that the proposed bifurcated briefing is consistent with the Court's desire for the parties to know "sooner rather than later" if Plaintiff's statistical extrapolation approach is legally and factually viable. *See Conf. Tr.* at 22:13-15 (The Court: "[I]t seems to me it would be in the plaintiff's interest and everybody's interest to litigate the use of the statistical analysis sooner rather than later.").

2. Plaintiff's Partial Disclosure of "Report" and "Extrapolation" Sites is Inadequate

At the October 19 hearing, Plaintiff told the Court that it intended to produce site-specific expert reports for 95 sites and to extrapolate future damages to an additional approximately 477 sites. *Conf. Tr.* at 20:11-25. The Court correctly recognized that Defendants need to know which sites were in which categories (*id.* at 27:12-15), and Plaintiff represented it would disclose both cohorts by October 30. *Id.* at 21:1-8; *see also id.* at 28:9-11 ("COURT: Well, you have a commitment from Ms. O'Reilly that you will know the sites for both of those cohorts soon, this month.").

Plaintiff's disclosure was far from what was contemplated. *See Ltr. from M. Twersky to J. Pardo* (Oct. 30, 2026) (attached at Ex. 1). Specifically, Plaintiff identified 74 sites for which it will be producing a site-specific expert report (Plaintiff's List "A"), ***but also*** an additional 15 sites where a site-specific expert report ***"may"*** be prepared (Plaintiff's List "B"). As for extrapolation, Plaintiff identified 196 sites where it will seek future restoration damages based on extrapolation (Plaintiff's List "C"), ***but also*** an additional 178 sites where it ***"may"*** rely on statistical extrapolation (Plaintiff's List "D").

The entire point of these disclosures was for Plaintiff to ***definitively*** and ***timely*** disclose which sites were in which cohort so that Defendants can "decide what [sites] you want to do site specific reports for." *Conf. Tr.* at 27:12-15. But Plaintiff's disclosure accomplishes neither point. The disclosure was definitive only as to the 74 sites it has confirmed will be the subject of a site-specific report and the 196 sites it has confirmed will rely on statistical extrapolation. Plaintiff's equivocal, non-committal position as to the remaining 193 sites (15+178) is the antithesis of what it promised, what the Court directed, and provides none of the certainty for which disclosure was required in the first place. As to timing, Plaintiff's hedging on 193 sites leaves Defendants' discovery response obligations and affirmative discovery plans in limbo with barely seven weeks left in a discovery period that ends December 1.[2]

For these reasons, Defendants respectfully submit that Plaintiff should be immediately required to disclose whether the 15 List "B" sites will be the subject of site-specific reports or, instead, rely on statistical extrapolation, and it should be precluded from seeking restoration damages for the 178 List "D" sites for which it has not made the disclosure ordered by Your Honor.

3. Reporting Item on Plaintiff's Phase 2 Site-Specific Experts

On October 9, Plaintiff told the Court that it was considering two additional experts and would disclose them "within a few weeks" of the October 19 conference. ECF No. 1282 at 3. At the conference, the Court directed Plaintiff to disclose all of its experts by the end of October. *Conf. Tr.* at 34:4-6 ("I don't know how many experts you are going to have. I don't know who they are, but ***you are disclosing all of that this month***." (emphasis added)). Plaintiff did not identify any additional experts by the end of October. Because Plaintiff disclosed only four Phase II site-specific experts (*i.e.*, Braun, Brown, Fogg and Moreau) by the October 31 deadline, any others subsequently disclosed should be precluded.

***

[2] For example, on October 30, Plaintiff served Requests for Admission to Defendants on hundreds of sites that may or may not remain as the subject of restoration damages (or remain in the case at all).

We appreciate the Court's time and attention to these matters.

Sincerely,

James A. Pardo
Enclosures

cc: All counsel of record via ECF

***

**Defendants' Full Proposed Schedule**

| Event | Proposed Deadline |
| --- | --- |
| Plaintiff's Site-Specific Expert Reports (other than Dr. Braun) | Jan. 15, 2027 |
| Plaintiff's Site-Specific Report for Dr. Braun | Feb. 26, 2027 |
| Defendants' Expert Reports Responsive to Pl.'s January 2027 Reports | May 14, 2027 |
| Defendants' Expert Reports Responsive to Dr. Braun | June 15, 2027 |
| Completion Date for Depositions of Plaintiff's Experts Relied on for Statistical Extrapolation | July 9, 2027 |
| Opening Briefs on Statistical Extrapolation Approach | July 27, 2027 |
| Opposition Briefs on Statistical Extrapolation Approach | August 24, 2027 |
| Reply Briefs on Statistical Extrapolation Approach | September 14, 2027 |
| Completion of Expert Depositions | Oct. 29, 2027 |
| Opening Briefs on all other Rule 702 Motions | November 12, 2027 |
| Opposition Briefs on all other Rule 702 Motions | December 1, 2027 |
| Reply Briefs on all other Rule 702 Motions | December 10, 2027 |
| Opening Summary Judgment Briefs | February 1, 2028 |
| Opposition Summary Judgment Briefs | March 8, 2028 |
| Reply Summary Judgment Briefs | April 7, 2028 |